Filed 02/04/2026 3:56:33 PM
Dyana Limon-Mercado
Travis County Clerk
C-1-CV-26-000749
D'Alessio, Arianna

## TRANSCRIPT OF JUDGMENT FROM JUSTICE COURT-CIVIL

THE STATE OF TEXAS
COUNTY OF TRAVIS
JUSTICE OF THE PEACE, PRECINCT FOUR

I hereby certify that the reverse side hereof is a true and correct copy of all entries made on the Docket in Cause No. J4-CV-25-006114: PATHWAYS AT CHALMERS COURTS WEST LP, DBA PATHWAYS AT CHALMERS WEST vs. JOHNNIE COPELAND , AND ALL OCCUPANTS, and below a true and correct copy of the Bill of Costs incurred in said cause.

WITNESS my hand and seal this day February 03, 2026.

Judge Raul Arturo Gonzalez

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BILL OF COSTS

| Justice Court Fees: | Plaintiff's Fees | Defendant's Fees |
|---|---|---|
| For filing each and all petitions, documents, papers, a fee of | $54.00 | $_____ |
| Immediate Possession Bond | $_____ | $_____ |
| For causing juries to be summoned, a fee of | $_____ | $_____ |
| For issuing: | | |
| _____ abstract of judgment, a fee of | $_____ | $_____ |
| _____ writ of possession, a fee of | $_____ | $_____ |
| _____ writ of execution, a fee of | $_____ | $_____ |
| _____ writ of attachment, a fee of | $_____ | $_____ |
| _____ order of sale, a fee of | $_____ | $_____ |
| For making, certifying, and filing a transcript, together with the original papers in the case, in the proper court, in each case of appeal or transfer, a fee of | $_____ | $_____ |
| Subpoena(s), a fee of | $_____ | $_____ |
| Filing an Appeal or Motion for New Trial, a fee of | $_____ | $_____ |
| Appeal Bond, a fee of | $_____ | $_____ |
| Rent Tendered, a fee of | $_____ | $1,615.00 |
| **TOTAL JUSTICE COURT FEES** | **$54.00** | **$1,615.00** |

| Constable's Fees: | | |
|---|---|---|
| Serving: | | |
| _1_ Citations | $85.00 | $_____ |
| _____ Subpoenas | $_____ | $_____ |
| Execution and making return thereon: | | |
| _____ Writ of Possession | $_____ | $_____ |
| _____ Writ of Re-Entry | $_____ | $_____ |
| _____ Writ of Attachment | $_____ | $_____ |
| _____ Writ of Execution and Order of Sale | $_____ | $_____ |
| **TOTAL CONSTABLE'S FEES** | **$85.00** | **$_____** |
| **TOTAL FEES** | **$139.00** | **$1,615.00** |



EXHIBIT
B-4

PRECINCT FOUR

# CASE SUMMARY
## CASE NO. J4-CV-25-006114

| | | |
|---|---|---|
| **PATHWAYS AT CHALMERS COURTS WEST LP, dba** §<br>**PATHWAYS AT CHALMERS WEST vs. JOHNNIE** §<br>**COPELAND** §<br>§ | | Location: **Precinct Four**<br>Judicial Officer: **Gonzalez, Raul Arturo**<br>Filed on: **12/22/2025** |

---

### CASE INFORMATION

**Statistical Closures**
01/12/2026    Trial/Hearing by Judge/Hearing Officer

**Bonds**
Rent Money Held (CV)    $1,615.00
01/26/2026        BOND POSTED
Counts: 1

Case Type: **Eviction**

Case Flags: **Electronic File Only**
**Bond Posted**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number        J4-CV-25-006114<br>Court            Precinct Four<br>Date Assigned        12/22/2025<br>Judicial Officer        Gonzalez, Raul Arturo |

---

### PARTY INFORMATION

**Plaintiff**        PATHWAYS AT CHALMERS COURTS WEST LP, dba PATHWAYS AT
CHALMERS WEST

**Defendant**        COPELAND , JOHNNIE

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/22/2025 | Defendant's SCRA Received<br>*FILED W/IN PETITION.-MM* | |
| 12/22/2025 | Certificate of Last Known Address<br>*FILED W/IN PETITION.-MM* | |
| 12/22/2025 | Original Petition (OCA)<br>****NON PAYMENT OF RENT**** | |
| 12/22/2025 | Electronic File Only | |
| 12/22/2025 | Petition/Application via E-File | |
| 12/23/2025 | CivilServe Request<br>Party:  Plaintiff  PATHWAYS AT CHALMERS COURTS WEST LP, dba PATHWAYS AT CHALMERS WEST<br>Party 2:  Defendant  COPELAND , JOHNNIE | |
| 12/23/2025 | Service<br>COPELAND , JOHNNIE<br>Served: 12/31/2025 9:03 AM<br>Anticipated Server: CivilServe Precinct 4<br>Anticipated Method: In Person<br>Actual Server: Isaac Bernal | |
| 12/30/2025 | Request for Alternative Service | |

PRECINCT FOUR

# CASE SUMMARY
## CASE NO. J4-CV-25-006114

|  |  |  |
|---|---|---|
|  | *RULE 510.4 (c). LCR* |  |
| 12/30/2025 | Order Granting Alternative Service<br>*RULE 510.4 (c)– EMAILED TO CN4. LCR* |  |
| 01/12/2026 | **Hearing** (10:00 AM) (Judicial Officer: Olivo, Rick "Rico") |  |
| 01/12/2026 | **Final Judgment** (Judicial Officer: Olivo, Rick "Rico") |  |
|  | Judgment Amount | $5,470.16 |
|  | Total Judgment | of<br>$5,470.16 |
|  | Awarded To: PATHWAYS AT CHALMERS COURTS WEST LP, dba<br>PATHWAYS AT CHALMERS WEST<br>Awarded against: JOHNNIE COPELAND |  |
| 01/15/2026 | Request for Copies<br>*FRED FUCHS WITH TRLA EMAILED REQ COPY OF CASE FILE. LCR* |  |
| 01/15/2026 | Request Complete<br>*EMAILED FRED FUCHS WITH TRLA COPY OF CASE FILE. LCR* |  |
| 01/20/2026 | Appealed Case (JPOCA)<br>Party: Defendant COPELAND , JOHNNIE |  |
| 01/20/2026 | Notice of Appeal (eFile Only)<br>*RCVD VIA EFILE FROM DEF.-MM* |  |
| 01/20/2026 | Affidavit of Inability Filed<br>Party: Defendant COPELAND , JOHNNIE<br>*FILED IN LIEU OF APPEAL BOND VIA EFILE.-MM* |  |
| 01/21/2026 | Notice of Rent Due<br>*EMAILED TO DEF.-MM* |  |
| 01/21/2026 | Notice of Appeal Bond Filed<br>*EMAILED DEF'S APPEAL TO PLF'S AGENT INFORMED OF 5 DYS TO CONTEST.-MM* |  |
| 01/22/2026 | E-file Rejection<br>*PLF'S AGENT EFILED WOP. APPEAL FILED ON 01/20/26. ONE MONTH'S RENT DUE 01/26/26. LCR* |  |
| 01/26/2026 | Bond Posted<br>*1 MONTHS RENT.SM* |  |

| DATE | FINANCIAL INFORMATION |  |
|---|---|---|

| | | |
|---|---|---|
| **Defendant** COPELAND , JOHNNIE | | |
| Total Charges | | 64.00 |
| Total Payments and Credits | | 64.00 |
| **Balance Due as of 02/03/2026** | | **0.00** |
| | | |
| **Plaintiff** PATHWAYS AT CHALMERS COURTS WEST LP, dba PATHWAYS AT CHALMERS WEST | | |
| Total Charges | | 139.00 |
| Total Payments and Credits | | 139.00 |
| **Balance Due as of 02/03/2026** | | **0.00** |

PRECINCT FOUR

# CASE SUMMARY
### CASE NO. J4-CV-25-006114

**Defendant**  COPELAND , JOHNNIE
Civil Cash Bond Fee Balance as of  02/03/2026                                **1,615.00**



Cause No. **J4-CV-25-006114** _____    Hearing set for _____ at ____ AM/PM

PLAINTIFF'S ☒ ORIGINAL / ☐ AMENDED PETITION FOR EVICTION

Filed 12/22/2025 3:51 PM

In the Justice Court, Precinct __4____ , Travis County, Texas

Judge Raul Arturo Gonzalez, JP4
Travis County, Texas

TO THE HONORABLE JUDGE OF THE COURT:

PLAINTIFF (S) Pathways at Chalmers Courts West LP, dba Pathways Chalmers West

[X] AGENT [ ] ATTORNEY  Doreen Wagner                      PH (713)352-3162

ADDRESS 2901 Dallas Parkway, Suite 250    CITY Plano            ZIP 75093

☒ *By checking this box, I give my consent for the answer and any other motions or pleadings to be sent to me at this email address:* filing@nationwidecompliant.com

DEFENDANT (S)  Johnnie Copeland, And All Other Occupants

*The Travis County Justices of the Peace require the plaintiff/landlord to include the last known phone number and email address (if known to the plaintiff/landlord) of the defendant(s)/tenant(s). If no known phone number of the defendant(s)/tenant(s) is known to the plaintiff/landlord then plaintiff/landlord must affirmatively state in the sworn pleading that no phone number is known.*

HOME ADDRESS 1600 East 3rd St, Apt 2408      CITY AUSTIN        ZIP 78702

WORK ADDRESS N/A                             CITY N/A           ZIP N/A

Plaintiff knows of no other home or work addresses of Defendant(s) in this county.

(REQUIRED IF KNOWN) E-MAIL ADDRESS N/A

(REQUIRED IF KNOWN) PHONE # 737-703-0889          10/11/2024

☐ I affirm no phone number is known for defendant(s) / tenant(s.)

1. This is a lawsuit to evict  Johnnie Copeland, And All Other Occupants                a
tenant(s) who leases the property located at  1600 East 3rd St, Apt 2408, AUSTIN, TX, 78702

____.

This property is within **Justice Court Precinct** 4____ of Travis County.

The Owner/Landlord is Pathways at Chalmers Courts West LP, dba Pathways Chalmers West

2. The Defendant(s) rented this property on or about 10/11/2024                and still
holds the property. The Lease is: [X] Written **(copy on file with Court)**    [ ] Oral

The Plaintiff claims the Defendant(s) should be evicted because:

☒ **Unpaid rent.** Defendant(s) failed to pay rent for the following time period(s):
09/01/2025            . The amount of rent claimed as of the date of filing is:
$ 5,019.00            . Plaintiff reserves the right to orally amend the amount at
trial to include rent due from the date of filing through the date of trial.

[ ] **Other lease violations.** Defendant(s) breached the terms of the lease (other than by
failing to pay rent) as follows:_____

_____

_____

[ ] **Holdover.** Defendant(s) are unlawfully holding over by failing to vacate at the end
of the rental term or renewal or extension period, which was the _____ day of

_____, 20___ .

ORIGINAL / AMENDED PETITION FOR EVICTION Page 1 of 2

3. Written notice to vacate and demand for possession was given on (date) 10/08/2025
in the following manner **and a copy is attached [X]**

    [ ] Certified Mail        [ ] Regular Mail
    [X] Delivery in Person    [ ] Other - Explain _____

4. The rent is $1,615.00 per month and is due on the 01 of each month.

    (Amount paid by Tenant 1,615.00      **Amount paid by Government Agency** 0.00    )

5. **ATTORNEY'S FEES:** Plaintiff [X] will be or [ ] will NOT be seeking applicable attorney's
fees. Attorney's name, address, and phone & fax numbers
are: N/A

**THE COURT IS ASKED TO EVICT THE DEFENDANT(S) AND ORDER DEFENDANT(S) TO:**
    [X] Pay rent owed in the amount of $5,019.00    plus all rents accruing through the
    date of judgment
    [X] Pay court costs
    [X] Pay reasonable attorney's fees



_____    _____
Plaintiff's Signature                  Authorized Attorney/Agent Signature

Said Plaintiff (or his agent or attorney), being duly sworn by me, the undersigned
authority, upon oath says that the facts as stated in the above instrument are, within the
knowledge of said affiant, true and correct.

SWORN TO AND SUBSCRIBED BEFORE ME, this 2² day of _____ 12 _____, 20 25 to certify which;
witness my hand and seal of office.

_____    _____
Notary Public in and for the State of Texas        Civil Court Clerk, JP _____

TUNESIA YVETTE WEBB
NOTARY PUBLIC, STATE OF TEXAS
ID # 133194880
COMM EXP

ORIGINAL / AMENDED PETITION FOR EVICTION Page 2 of 2

| Docket No. | (For court use only) |
|---|---|

Case No. **J4-CV-25-006114**

Pathways at Chalmers Courts West LP, dba
Plaintiff  Pathways Chalmers West

(landlord's name as stated in oral or written lease)

v.
Johnnie Copeland

Defendant(s)
(list all tenants)

In the Justice Court

Precinct 4___ Place ___

County of TRAVIS_____ Texas

STATE OF TEXAS
COUNTY OF TRAVIS (PRECINCT 4)

### AFFIDAVIT OF MILITARY STATUS OF DEFENDANT(S)

Before me the undersigned notary or clerk of the justice court, on this day personally appeared the undersigned affiant whose identity is known to me. After I administered an oath to such affiant, he or she upon oath and under penalty of perjury (fine and/or up to one year in jail), stated the following:

My name is *[please print]*  Doreen Wagner

I am *[check one]* ☐ the plaintiff or ☒ an authorized agent of the plaintiff in the case described at the top right of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

*[check or fill in as applicable]*

☒ 1.  No defendant in this case is on active duty in the U.S. military (Army, Navy, Air Force, Marines, or Coast Guard). The facts on which I base my conclusion are as follows. _____

A search of the D.O.D.'s website returned this information.

_____

_____

_____

☐ 2.  Defendant *[insert name(s)]* _____ is on active duty in the U.S. military.

☐ 3.  Defendant *[insert name(s)]* _____ has been deployed by the U.S. military to a foreign country.

☐ 4.  Plaintiff and the undersigned (if the undersigned is acting as an agent of plaintiff) are not able to determine whether any defendant is with the U.S. military—except for any defendant named in paragraph 2 above.

☐ 5.  Plaintiff and the undersigned (if the undersigned is acting as an agent of plaintiff) are not able to determine whether any defendant who is in the U.S. military has been deployed to a foreign country—except for any defendant named in paragraph 3 above.

☐ 6.  Defendant *[insert name(s)]* _____ has signed, while on active duty, a separate, limited written waiver or a written lease containing a limited waiver of his or her rights under the U.S. Servicemembers Civil Relief Act of 2003.

_____
Signature of affiant

SWORN TO and SUBSCRIBED before me by  Doreen Wagner _____ on
DECEMBER  22  20 25

_____
*[check one]*
☒ Notary Public for the State of Texas or
☐ Clerk of the Justice Court

TUNESIA YVETTE WEBB
NOTARY PUBLIC, STATE OF TEXAS
ID # 133194880
COMM. EXP. 06-24-2029

 NATIONWIDE EVICTION

DEFENDANT INFORMATION SHEET

Plaintiff Name: Pathways at Chalmers Courts West LP, dba Pathways Chalmers West

Defendant Name(s): Johnnie Copeland, And All Other Occupants

Defendant Address: 1600 East 3rd St, Apt 2408

AUSTIN, TX, 78702

Defendant Phone Number: 737-703-0889

Defendant Email Address: N/A

Filed 12/22/2025 3:51 PM

J4-CV-25-006114

Cause No. _____

| | | |
|---|---|---|
| Pathways at Chalmers Courts West LP | § | IN THE JUSTICE COURT |
| dba Pathways Chalmers West | § | |
| Plaintiff(s) | § | |
| | § | |
| vs. | § | PRECINCT FOUR |
| | § | |
| Johnnie Copeland | § | |
| Defendant(s) | § | TRAVIS COUNTY, TEXAS |

### CERTIFICATE OF LAST KNOWN ADDRESS

I CERTIFY that the last known mailing address for the defendant _Johnnie Copeland_ against

whom judgment is taken in the above-entitled and numbered cause is:


1600 East 3rd St, Apt 2408

AUSTIN, TX, 78702


_____
Plaintiff/Agent/Attorney's Signature


Nationwide Compliant
Printed Name

**J4-CV-25-006114**

Cause No. _____

| Pathways at Chalmers Courts West LP | | |
|---|---|---|
| dba Pathways Chalmers West | § | IN THE JUSTICE COURT |
| Plaintiff(s) | § | |
| | § | |
| vs. | § | PRECINCT FOUR |
| | § | |
| And All Other Occupants | § | |
| Defendant(s) | § | TRAVIS COUNTY, TEXAS |

## CERTIFICATE OF LAST KNOWN ADDRESS

I CERTIFY that the last known mailing address for the defendant  And All Other Occupants  against

whom judgment is taken in the above-entitled and numbered cause is:

1600 East 3rd St, Apt 2408

AUSTIN, TX, 78702

_____

Plaintiff/Agent/Attorney's Signature

Nationwide Compliant

Printed Name

Filed 12/22/2025 3:51 PM

OneSite Rents v3.0      **Carleton Management Services, LLC DBA Carleton Living - Pathways at Chalmers Courts West**    Page 1 of 2

12/15/2025

### RESIDENT CHARGES/PAYMENTS LEDGER

10/01/2024 through 12/15/2025

res-370-002

Parameters: Show transactions beginning - 10/01/2024 Select Status - All; Ledger Type - Resident; SubJournals - RESIDENT;

| | Personal Info | | Lease Info | | Scheduled Billing | | Ledger Info | |
|---|---|---|---|---|---|---|---|---|
| Name: | Johnnie Copeland | Market Rent: | 1,615.00 | Lease Rent: | 1,615.00 | Previous Balance: | 0.00 |
| | | Move-In: | 10/11/2024 | Other Charges: | 0.00 | Charges: | 8,605.50 |
| | | Lease Begin: | 10/11/2024 | Other Credits: | 0.00 | Payments: | 3,145.00 |
| Bldg/Unit: | 2-2408 | Lease End: | 09/30/2025 | | | Credits: | 23.00 |
| Status: | Current resident | Move-Out: | | | | Current Balance: | 5,437.50 |
| Contact Info: | (H) (737) 703-0889 | Notice Given: | 09/25/2025 | | | | |
| | | Notice For: | 12/31/2025 | | | Deposits On Hand: | 0.00 |
| email: | nojohnnieemail@gmail.com | | | | | Deposits Due: | 150.00 |

**Ledger Detail**

| Date | Period | Bldg/Unit | Transaction Code | Description | Journal | Document # | Charge | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Balance Forwarded: | | | 0.00 |
| 10/17/2024 | 112024 | 2-2408 | CA - RENT | Rent - Copeland, Johnnie R | RESIDENT | 0 | 427.00 | | 427.00 |
| 10/18/2024 | 102024 | 2-2408 | PP - UTILREIMB | Utility Allowance Reimbursement - Copeland | RESIDENT | | | 9.00 | 418.00 |
| 11/01/2024 | 112024 | 2-2408 | CA - RENT | Rent - Johnnie Richard Copeland | RESIDENT | 0 | 241.00 | | 659.00 |
| 11/13/2024 | 112024 | 2-2408 | PP - UTILREIMB | Utility Allowance Reimbursement - Copeland | RESIDENT | | | 14.00 | 645.00 |
| 11/20/2024 | 112024 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03935 | | 532.00 | 113.00 |
| 12/01/2024 | 122024 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 354.00 |
| 12/06/2024 | 122024 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 30.00 | | 384.00 |
| 12/07/2024 | 122024 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 389.00 |
| 12/08/2024 | 122024 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 394.00 |
| 12/09/2024 | 122024 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 399.00 |
| 12/10/2024 | 122024 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 404.00 |
| 12/13/2024 | 122024 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03719 | | 404.00 | 0.00 |
| 01/01/2025 | 012025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 241.00 |
| 01/04/2025 | 012025 | 2-2408 | PZ - PMTOPIRD | Check Scan - Johnnie Copeland 1/6/2025 | RESIDENT | 19669632661 | | 241.00 | 0.00 |
| 01/07/2025 | 012025 | 2-2408 | CE - KEYS/LOCKS | Lock change | RESIDENT | | 70.00 | | 70.00 |
| 01/31/2025 | 022025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03941 | | 241.00 | (171.00) |
| 02/01/2025 | 022025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 70.00 |
| 03/01/2025 | 032025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 311.00 |
| 03/04/2025 | 032025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03943 | | 241.00 | 70.00 |
| 04/01/2025 | 042025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 311.00 |
| 04/03/2025 | 042025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland 4/4/2025 | RESIDENT | 03945 | | 241.00 | 70.00 |
| 05/01/2025 | 052025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 311.00 |
| 05/01/2025 | 052025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03947 | | 241.00 | 70.00 |
| 06/01/2025 | 062025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 311.00 |
| 06/01/2025 | 062025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland 6/3/2025 | RESIDENT | 03788 | | 241.00 | 70.00 |
| 07/01/2025 | 072025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 311.00 |
| 07/01/2025 | 072025 | 2-2408 | CE - KEYS/LOCKS | Lock Changes - Copeland | RESIDENT | | 50.00 | | 361.00 |
| 07/08/2025 | 072025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland 7/11/2025 | RESIDENT | 03790 | | 281.00 | 80.00 |
| 08/01/2025 | 082025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 321.00 |
| 08/04/2025 | 082025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03792 | | 241.00 | 80.00 |
| 09/01/2025 | 092025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 321.00 |

OneSite Rents v3.0

Carleton Management Services, LLC DBA Carleton Living - Pathways at Chalmers Courts West

Filed 12/22/2025 3:51 PM
Page 2 of 2

12/15/2025

**RESIDENT CHARGES/PAYMENTS LEDGER**

res-370-002

10/01/2024 through 12/15/2025

**Parameters:** Show transactions beginning - 10/01/2024 Select Status - All; Ledger Type - Resident; SubJournals - RESIDENT;

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/02/2025 | 092025 | 2-2408 | PZ - PMTOPACH | Check Scan - Johnnie Copeland | RESIDENT | 03794 | | 241.00 | 80.00 |
| 10/01/2025 | 102025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 241.00 | | 321.00 |
| 10/01/2025 | 102025 | 2-2408 | CA - RENT | Rent - Copeland, Johnnie R | RESIDENT | 0 | 1,363.00 | | 1,684.00 |
| 10/04/2025 | 102025 | 2-2408 | CH - LEGAL | Legal Fees - Johnnie Richard Copeland | RESIDENT | 0 | 238.50 | | 1,922.50 |
| 10/06/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 35.00 | | 1,957.50 |
| 10/07/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,962.50 |
| 10/08/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,967.50 |
| 10/09/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,972.50 |
| 10/10/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,977.50 |
| 10/11/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,982.50 |
| 10/12/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,987.50 |
| 10/13/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,992.50 |
| 10/14/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 1,997.50 |
| 10/15/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 2,002.50 |
| 10/16/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 2,007.50 |
| 10/17/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 2,012.50 |
| 10/18/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 2,017.50 |
| 10/19/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 2,022.50 |
| 10/20/2025 | 102025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 2,027.50 |
| 11/01/2025 | 112025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 1,615.00 | | 3,642.50 |
| 11/06/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 35.00 | | 3,677.50 |
| 11/07/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,682.50 |
| 11/08/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,687.50 |
| 11/09/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,692.50 |
| 11/10/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,697.50 |
| 11/11/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,702.50 |
| 11/12/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,707.50 |
| 11/13/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,712.50 |
| 11/14/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,717.50 |
| 11/15/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,722.50 |
| 11/16/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,727.50 |
| 11/17/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,732.50 |
| 11/18/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,737.50 |
| 11/19/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,742.50 |
| 11/20/2025 | 112025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 3,747.50 |
| 12/01/2025 | 122025 | 2-2408 | CA - RENT | Rent | RESIDENT | | 1,615.00 | | 5,362.50 |
| 12/06/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 35.00 | | 5,397.50 |
| 12/07/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,402.50 |
| 12/08/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,407.50 |
| 12/09/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,412.50 |
| 12/10/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,417.50 |
| 12/11/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,422.50 |
| 12/12/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,427.50 |
| 12/13/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,432.50 |
| 12/14/2025 | 122025 | 2-2408 | CB - LATEFEE | Late Charges | RESIDENT | | 5.00 | | 5,437.50 |



TEXAS APARTMENT ASSOCIATION
**M E M B E R**

*This Lease is valid only if filled out before January 1, 2026.*

## Apartment Lease Contract
**This is a binding contract. Read carefully before signing.**

This Lease Contract ("Lease") is between you, the resident(s) as listed below and us. The terms "you" and "your" refer to all residents. The terms "we," "us," and "our" refer to the owner listed below.

### PARTIES

**Residents**   John Copeland

**Owner**  Pathways at Chalmers Courts West, LP

**Occupants**  None

### LEASE DETAILS

**A. Apartment (Par. 2)**
Street Address: 1600 E. 3rd
Apartment No.   2408    City:   Austin    State: TX Zip:   78702

**B. Initial Lease Term.** Begins:   10/11/2024    Ends at 11:59 p.m. on:   09/30/2025

**C. Monthly Base Rent (Par. 3)**
$ 1604.00

**D. Prorated Rent**
$ 1087.00
☐ due for the remainder of 1st month or
☐ for 2nd month

**E. Security Deposit (Par. 5)**
$ 250.00

*Note that this amount does not include any Animal Deposit, which would be reflected in an Animal Addendum.*

**F. Notice of Termination or Intent to Move Out (Par. 4)**
A minimum of ___60___ days' written notice of termination or intent to move out required at end of initial Lease term or during renewal period

*If the number of days isn't filled in, notice of at least 30 days is required.*

**G. Late Fees (Par. 3.3)**

**Initial Late Fee**
☐ _____% of one month's monthly base rent or
☐ $ 35.00

**Daily Late Fee**
☐ _____ % of one month's monthly base rent for _____ days or
☐ $ 5.00    for 15  days

Due if rent unpaid by 11:59 p.m. on the    5th    (3rd or greater) day of the month

**H. Returned Check or Rejected Payment Fee (Par. 3.4)**
$ 35.00

**I. Reletting Charge (Par. 7.1)**
A reletting charge of $ _____
*(not to exceed 85% of the highest monthly Rent during the Lease term)* may be charged in certain default situations

**J. Early Termination Fee Option (Par. 7.2)**
$ _____
Notice of _____ days is required.
*You are not eligible for early termination if you are in default.*
Fee must be paid no later than _____ days after you give us notice
*If any values or number of days are blank or "0," then this section does not apply.*

**K. Violation Charges**

**Animal Violation (Par. 12.2)**
Initial charge of $ 100.00 per animal (not to exceed $100 per animal) and
A daily charge of $ 10.00 per animal (not to exceed $10 per day per animal)

**Insurance Violation (Master Lease Addendum or other separate addendum)**
$ _____

**L. Additional Rent - Monthly Recurring Fixed Charges.** You will pay separately for these items as outlined below and/or in separate addenda, Special Provisions or an amendment to this Lease.

| | | | | | |
|---|---|---|---|---|---|
| Animal rent | $ 0.00 | Cable/satellite | $ 0.00 | Internet | $ 0.00 |
| Package service | $ 0.00 | Pest control | $ 0.00 | Stormwater/drainage | $ 0.00 |
| Trash service | $ 0.00 | Washer/Dryer | $ 0.00 | | |
| Other: None | | | | $ 0.00 | |
| Other: None | | | | $ 0.00 | |
| Other: None | | | | $ 0.00 | |
| Other: None | | | | $ 0.00 | |

**M. Utilities and Other Variable Charges.** You will pay separately for gas, water, wastewater, electricity, trash/recycling, utility billing fees and other items as outlined in separate addenda, Special Provisions or an amendment to this Lease.

**Utility Connection Charge or Transfer Fee:** $ 0.00    (not to exceed $50) to be paid within 5 days of written notice (**Par. 3.5**)

**N. Other Charges and Requirements.** You will pay separately for these items or comply with these requirements as outlined in a Master Lease Addendum, separate addenda or Special Provisions.

**Initial Access Device:** $ 0.00

**Additional or Replacement Access Devices:** $ 25.00    **Required Insurance Liability Limit (per occurrence):** $ _____

**Special Provisions.** See Par. 32 or additional addenda attached. This Lease cannot be changed unless in writing and signed by you and us.

## LEASE TERMS AND CONDITIONS

1. **Definitions.** The following terms are commonly used in this Lease:

   1.1. **"Residents"** are those listed in "Residents" above who sign this Lease and are authorized to live in the apartment.

   1.2. **"Occupants"** are those listed in this Lease who are also authorized to live in the apartment, but who do not sign this Lease.

   1.3. **"Owner"** may be identified by an assumed name and is the owner only and not property managers or anyone else.

   1.4. **"Including"** in this Lease means "including but not limited to."

   1.5. **"Community Policies"** are the written apartment rules and policies, including property signage and instructions for care of our property and amenities, with which you, your occupants, and your guests must comply.

   1.6. **"Rent"** is monthly base rent plus additional monthly recurring fixed charges.

   1.7. **"Lease"** includes this document, any addenda and attachments, Community Policies and Special Provisions.

2. **Apartment.** You are leasing the apartment listed above for use as a private residence only.

   2.1. **Access.** In accordance with this Lease, you'll receive access information or devices for your apartment and mailbox, and other access devices including: _____
   _____
   _____

   2.2. **Measurements.** Any dimensions and sizes provided to you relating to the apartment are only approximations or estimates; actual dimensions and sizes may vary.

   2.3. **Representations.** You agree that designations or accreditations associated with the property are subject to change.

3. **Rent.** You must pay your Rent on or before the 1st day of each month (due date) without demand. There are no exceptions regarding the payment of Rent, and you agree not paying Rent on or before the 1st of each month is a material breach of this Lease.

   3.1. **Payments.** You will pay your Rent by any method, manner and place we specify in accordance with this Lease. Cash is not acceptable without our prior written permission. You cannot withhold or offset Rent unless authorized by law. We may, at our option, require at any time that you pay Rent and other sums due in one single payment by any method we specify.

   3.2. **Application of Payments.** Payment of each sum due is an independent covenant, which means payments are due regardless of our performance. When we receive money, other than water and wastewater payments subject to government regulation, we may apply it at our option and without notice first to any of your unpaid obligations, then to accrued rent. We may do so regardless of notations on checks or money orders and regardless of when the obligations arose. All sums other than Rent and late fees are due upon our demand. After the due date, we do not have to accept any payments.

   3.3. **Late Fees.** If we don't receive your monthly base rent in full when it's due, you must pay late fees as outlined in Lease Details.

   3.4. **Returned Payment Fee.** You'll pay the fee listed in Lease Details for each returned check or rejected electronic payment, plus initial and daily late fees if applicable, until we receive full payment in an acceptable method.

   3.5. **Utilities and Services.** You'll pay for all utilities and services, related deposits, and any charges or fees when they are due and as outlined in this Lease. Television channels that are provided may be changed during the Lease term if the change applies to all residents.

   If your electricity is interrupted, you must use only battery-operated lighting (no flames). You must not allow any utilities (other than cable or internet) to be cut off or switched for any reason—including disconnection for not paying your bills—until the Lease term or renewal period ends. If a utility is individually metered, it must be connected in your name and you must notify the provider of your move-out date. If you delay getting service turned on in your name by this Lease's start date or cause it to be transferred back into our name before you surrender or abandon the apartment, you'll be liable for the charge listed above (not to exceed $50 per billing period), plus the actual or estimated cost of the utilities used while the utility should have been billed to you. If your apartment is individually metered and you change your retail electric provider, you must give us written notice. You must pay all applicable provider fees, including any fees to change service back into our name after you move out.

   3.6. **Lease Changes.** Lease changes are only allowed during the Lease term or renewal period if governed by Par. 10, specified in Special Provisions in Par. 32, or by a written addendum or amendment signed by you and us. At or after the end of the initial Lease term, Rent increases will become effective with at least 5 days plus the number of days' advance notice contained in Box F on page 1 in writing from us to you. Your new Lease, which may include increased Rent or Lease changes, will begin on the date stated in any advance notice we provide (without needing your signature) unless you give us written move-out notice under Par. 25, which applies only to the end of the current Lease term or renewal period.

4. **Automatic Lease Renewal and Notice of Termination.** This Lease will automatically renew month-to-month unless either party gives written notice of termination or intent to move out as required by Par. 25 and specified on page 1. If the number of days isn't filled in, notice of at least 30 days is required.

5. **Security Deposit.** The total security deposit for all residents is due on or before the date this Lease is signed. Any animal deposit will be designated in an animal addendum. Security deposits may not be applied to Rent without our prior written consent.

   5.1. **Refunds and Deductions. You must give us your advance notice of move out as provided by Par. 25 and forwarding address in writing to receive a written description and itemized list of charges or refund. In accordance with this Lease and as allowed by law, we may deduct from your security deposit any amounts due under this Lease. If you move out early or in response to a notice to vacate, you'll be liable for rekeying charges.** Upon receipt of your move-out date and forwarding address in writing, the security deposit will be returned (less lawful deductions) with an itemized accounting of any deductions, no later than 30 days after surrender or abandonment, unless laws provide otherwise. Any refund may be by one payment jointly payable to all residents and distributed to any one resident we choose, or distributed equally among all residents.

6. **Insurance.** Our insurance doesn't cover the loss of or damage to your personal property. You will be required to have liability insurance as specified in this Lease unless otherwise prohibited by law. If you have insurance covering the apartment or your personal belongings at the time you or we suffer or allege a loss, you agree to require your insurance carrier to waive any insurance subrogation rights. Even if not required, we urge you to obtain your own insurance for losses due to theft, fire, flood, water, pipe leaks and similar occurrences. Most renter's insurance policies don't cover losses due to a flood.

7. **Reletting and Early Lease Termination.** This Lease may not be terminated early except as provided in this Lease.

   7.1. **Reletting Charge.** You'll be liable for a reletting charge as listed in Lease Details, (not to exceed 85% of the highest monthly Rent during the Lease term) if you: (A) fail to move in, or fail to give written move-out notice as required in Par. 25; (B) move out without paying Rent in full for the entire Lease term or renewal period; (C) move out at our demand because of your default; or (D) are judicially evicted. The reletting charge is not a termination, cancellation or buyout fee and does not release you from your obligations under this Lease, including liability for future or past-due Rent, charges for damages or other sums due.

   The reletting charge is a liquidated amount covering only part of our damages—for our time, effort, and expense in finding and processing a replacement resident. These damages are uncertain and hard to ascertain—particularly those relating to inconvenience, paperwork, advertising, showing apartments, utilities for showing, checking prospects, overhead, marketing costs, and locator-service fees. You agree that the reletting charge is a reasonable estimate of our damages and that the charge is due whether or not our reletting attempts succeed.

   7.2. **Early Lease Termination Option Procedure.** In addition to your termination rights referred to in 7.3 or 8.1 below, if this provision applies under Lease Details, you may opt to terminate this Lease prior to the end of the Lease term if all of the following occurs: (a) as outlined in Lease Details, you give us written notice of early termination, pay the Early Termination Option fee in full and specify the date by which you'll move out; (b) you are not in default at any time and do not hold over; and (c) you repay all rent concessions, credits or discounts you received during the Lease term. If you are in default, the Lease remedies apply.

   7.3. **Special Termination Rights.** You may have the right under Texas law to terminate this Lease early in certain situations involving military deployment or transfer, family violence, certain sexual offenses, stalking or death of a sole resident.

8. **Delay of Occupancy.** We are not responsible for any delay of your occupancy caused by construction, repairs, cleaning, or a previous resident's holding over. This Lease will remain in force subject to (1) abatement of Rent on a daily basis during delay, and (2) your right to terminate this Lease in writing as set forth below. Rent abatement and Lease termination do not apply if the delay is for cleaning or repairs that don't prevent you from moving into the apartment.

   8.1. **Termination.** If we give written notice to you of a delay in occupancy when or after this Lease begins, you may terminate this Lease within 3 days after you receive written notice.

   If we give you written notice before the date this Lease begins and the notice states that a construction or other delay is expected and that the apartment will be ready for you to occupy on a specific date, you may terminate this Lease within 7 days after receiving written notice.

   After proper termination, you are entitled only to refund of any deposit(s) and any Rent you paid.

9. **Care of Unit and Damages.** You must promptly pay or reimburse us for loss, damage, consequential damages, government fines or charges, or cost of repairs or service in the apartment community because of a Lease violation; improper use, negligence, or other conduct by you, your invitees, your occupants, or your guests; or, as allowed by law, any other cause not due to our negligence or fault, except for damages by acts of God to the extent they couldn't be mitigated by your action or inaction

*Unless damage or wastewater stoppage is due to our negligence, we're not liable for—and you must pay for—repairs and replacements occurring during the Lease term or renewal period, including: (A) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment; (B) damage to doors, windows, or screens; and (C) damage from windows or doors left open.*

### RESIDENT LIFE

10. **Community Policies.** *Community Policies become part of this Lease and must be followed.* We may make changes, including additions, to our written Community Policies, and those changes can become effective immediately if the Community Policies are distributed and applicable to all units in the apartment community and do not change the dollar amounts owed under this Lease.

   10.1. **Photo/Video Release.** You give us permission to use any photograph, likeness, image or video taken of you while you are using property common areas or participating in any event sponsored by us.

   10.2. **Disclosure of Information.** At our sole option, we may, but are not obligated to, share and use information related to this Lease for law-enforcement, governmental, or business purposes. At our request, you authorize any utility provider to give us information about pending or active connections or disconnections of utility service to your apartment.

   10.3. **Guests.** We may exclude from the apartment community any guests or others who, in our sole judgment, have been violating the law, violating this Lease or our Community Policies, or disturbing other residents, neighbors, visitors, or owner representatives. We may also exclude from any outside area or common area anyone who refuses to show photo identification or refuses to identify himself or herself as a resident, an authorized occupant, or a guest of a specific resident in the community.

   Anyone not listed in this Lease cannot stay in the apartment for more than **3** days in one week without our prior written consent, and no more than twice that many days in any one month. If the previous space isn't filled in, 2 days total per week will be the limit.

   10.4. **Notice of Convictions and Registration.** You must notify us within 15 days if you or any of your occupants: (A) are convicted of any felony, (B) are convicted of any misdemeanor involving a controlled substance; violence to another person, or destruction of property, or (C) register as a sex offender. Informing us of a criminal conviction or sex-offender registration doesn't waive any rights we may have against you.

   10.5. **Odors, Noise and Construction.** You agree that odors and smells (including those related to cooking), everyday noises or sounds related to repair, renovation, improvement, or construction in or around the property are all a normal part of a multifamily living environment and that it is impractical for us to prevent them from penetrating your apartment.

11. **Conduct.** You agree to communicate and conduct yourself in a lawful, courteous and reasonable manner at all times when interacting with us, our representatives and other residents or occupants. Any acts of unlawful, discourteous or unreasonable communication or conduct by you, your occupants or guests is a breach of this Lease.

   You must use customary diligence in maintaining the apartment, keeping it in a sanitary condition and not damaging or littering the common areas. Trash must be disposed of at least weekly. You will use your apartment and all other areas, including any balconies, with reasonable care. We may regulate the use of passageways, patios, balconies, porches, and activities in common areas.

   11.1. **Prohibited Conduct.** You, your occupants, and your guests will not engage in certain prohibited conduct, including the following activities:

      (a) criminal conduct; manufacturing, delivering, or possessing a controlled substance or drug paraphernalia; engaging in or threatening violence; possessing a weapon prohibited by state law; discharging a firearm in the apartment community; or, except when allowed by law, displaying or possessing a gun, knife, or other weapon in the common area, or in a way that may alarm others;

      (b) behaving in a loud, obnoxious or dangerous manner;

      (c) disturbing or threatening the rights, comfort, health, safety, or convenience of others, including us, our agents, or our representatives;

      (d) disrupting our business operations;

      (e) storing anything in closets containing water heaters or gas appliances;

      (f) tampering with utilities or telecommunication equipment;

      (g) bringing hazardous materials into the apartment community;

      (h) using windows for entry or exit;

      (i) heating the apartment with gas-operated appliances;

      (j) making bad-faith or false allegations against us or our agents to others;

      (k) smoking of any kind, that is not in accordance with this Lease;

      (l) using glass containers in or near pools; or

      (m) conducting any kind of business (including child-care services) in your apartment or in the apartment community— except for any lawful business conducted "at home" by computer, mail, or telephone if customers, clients, patients, employees or other business associates do not come to your apartment for business purposes.

12. **Animals.** *No living creatures of any kind are allowed, even temporarily, anywhere in the apartment or apartment community unless we've given written permission.* If we allow an animal, you must sign a separate Animal Addendum and, except as set forth in the addendum, pay an animal deposit and applicable fees and additional monthly rent, as applicable. An animal deposit is considered a general security deposit. You represent that any requests, statements and representations you make, including those for an assistance or support animal, are true, accurate and made in good faith. Feeding stray, feral or wild animals is a breach of this Lease.

   12.1. **Removal of Unauthorized Animal.** We may remove an unauthorized animal by (1) leaving, in a conspicuous place in the apartment, a written notice of our intent to remove the animal within 24 hours; and (2) following the procedures of Par. 14. We may: keep or kennel the animal; turn the animal over to a humane society, local authority or rescue organization; or return the animal to you if we consent to your request to keep the animal and you have completed and signed an Animal Addendum and paid all fees. When keeping or kenneling an animal, we won't be liable for loss, harm, sickness, or death of the animal unless due to our negligence. You must pay for the animal's reasonable care and kenneling charges.

   12.2. **Violations of Animal Policies and Charges.** If you or any guest or occupant violates the animal restrictions of this Lease or our Community Policies, you'll be subject to charges, damages, eviction, and other remedies provided in this Lease, including animal violation charges listed in Lease Details from the date the animal was brought into your apartment until it is removed. If an animal has been in the apartment at any time during your term of occupancy (with or without our consent), we'll charge you for all cleaning and repair costs, including defleaing, deodorizing, and shampooing. Initial and daily animal-violation charges and animal-removal charges are liquidated damages for our time, inconvenience, and overhead in enforcing animal restrictions and Community Policies.

13. **Parking.** You may not be guaranteed parking. We may regulate the time, manner, and place of parking of all motorized vehicles and other modes of transportation, including bicycles and scooters, in this Lease. In addition to other rights we have to tow or boot vehicles under state law, we also have the right to remove, at the expense of the vehicle owner or operator, any vehicle that is not in compliance with this Lease.

14. **When We May Enter.** If you or any other resident, guest or occupant is present, then repair or service persons, contractors, law officers, government representatives, lenders, appraisers, prospective residents or buyers, insurance agents, persons authorized to enter under your rental application, or our representatives may peacefully enter the apartment at reasonable times for reasonable business purposes. If nobody is in the apartment, then any such person may enter peacefully and at reasonable times (by breaking a window or other means when necessary) for reasonable business purposes if written notice of the entry is left in a conspicuous place in the apartment immediately after the entry. We are under no obligation to enter only when you are present, and we may, but are not obligated to, give prior notice or make appointments.

**15. Requests, Repairs and Malfunctions.**

**15.1. Written Requests Required.** *If you or any occupant needs to send a request—for example, for repairs, installations, services, ownership disclosure, or security-related matters—it must be written and delivered to our designated representative in accordance with this Lease* (except for fair-housing accommodation or modification requests or situations involving imminent danger or threats to health or safety, such as fire, smoke, gas, explosion, or crime in progress). Our written notes regarding your oral request do not constitute a written request from you. Our complying with or responding to any oral request doesn't waive the strict requirement for written notices under this Lease. A request for maintenance or repair by anyone residing in your apartment constitutes a request from all residents. *The time, manner, method and means of performing maintenance and repairs, including whether or which vendors to use, are within our sole discretion.*

**15.2. Your Requirement to Notify.** You must promptly notify us in writing of air conditioning or heating problems, water leaks or moisture, mold, electrical problems, malfunctioning lights, broken or missing locks or latches, or any other condition that poses a hazard or threat to property, health, or safety. Unless we instruct otherwise, you are required to keep the apartment cooled or heated according to this Lease. Air conditioning problems are normally not emergencies.

**15.3. Utilities.** We may change or install utility lines or equipment serving the apartment if the work is done reasonably without substantially increasing your utility costs. We may turn off equipment and interrupt utilities as needed to perform work or to avoid property damage or other emergencies. If utilities malfunction or are damaged by fire, water, or similar cause, you must notify our representative immediately.

**15.4. Your Remedies.** We'll act with customary diligence to make repairs and reconnections within a reasonable time, taking into consideration when casualty-insurance proceeds are received. Unless required by statute after a casualty loss, or during equipment repair, your Rent will not abate in whole or in part. "Reasonable time" accounts for the severity and nature of the problem and the reasonable availability of materials, labor, and utilities. *If we fail to timely repair a condition that materially affects the physical health or safety of an ordinary resident as required by the Texas Property Code, you may be entitled to exercise remedies under § 92.056 and § 92.0561 of the Texas Property Code. If you follow the procedures under those sections, the following remedies, among others, may be available to you: (1) termination of this Lease and an appropriate refund under 92.056(f); (2) have the condition repaired or remedied according to § 92.0561; (3) deduct from the Rent the cost of the repair or remedy according to § 92.0561; and 4) judicial remedies according to § 92.0563.*

**16. Our Right to Terminate for Apartment Community Damage or Closure.** If, in our sole judgment, damage to the unit or building are significant or performance of needed repairs poses a danger to you, we may terminate this Lease and your right to possession by giving you at least 7 days' written notice. If termination occurs, you agree we'll refund only prorated rent and all deposits, minus lawful deductions. We may remove and dispose of your personal property if, in our sole judgment, it causes a health or safety hazard or impedes our ability to make repairs.

**16.1. Property Closure.** We also have the right to terminate this Lease and your right to possession by giving you at least 30 days' written notice of termination if we are demolishing your apartment or closing it and it will no longer be used for residential purposes for at least 6 months, or if any part of the property becomes subject to an eminent domain proceeding.

**17. Assignments and Subletting.** You may not assign this Lease or sublet your apartment. You agree that you won't rent, offer to rent or license all or any part of your apartment to anyone else unless otherwise agreed to in advance by us in writing. You agree that you won't accept anything of value from anyone else for the use of any part of your apartment. You agree not to list any part of your apartment on any lodging or short-term rental website or with any person or service that advertises dwellings for rent.

**18. Security and Safety Devices. We'll pay for missing security devices that are required by law. You'll pay for: (A) rekeying that you request (unless we failed to rekey after the previous resident moved out) and (B) repairs or replacements because of misuse or damage by you or your family, your occupants, or your guests.** You must pay immediately after the work is done unless state law authorizes advance payment. You must also pay in advance for any additional or changed security devices you request.

*Texas Property Code secs. 92.151, 92.153, and 92.154 require, with some exceptions, that we provide at no cost to you when occupancy begins: (A) a window latch on each window; (B) a doorviewer (peephole or window) on each exterior door; (C) a pin lock on each sliding door; (D) either a door-handle latch or a security bar on each sliding door; (E) a keyless bolting device (deadbolt) on each exterior door; and (F) either a keyed doorknob lock or a keyed deadbolt lock on one entry door. Keyed locks will be rekeyed after the prior resident moves out. The rekeying will be done either before you move in or within 7 days after you move in, as required by law. If we fail to install or rekey security devices as required by law, you have the right to do so and deduct the reasonable cost from your next Rent payment under Texas Property Code sec. 92.165(1). We may deactivate or not install keyless bolting devices on your doors if (A) you or an occupant in the dwelling is over 55 or disabled, and (B) the requirements of Texas Property Code sec. 92.153(e) or (f) are satisfied.*

**18.1. Smoke Alarms and Detection Devices.** We'll furnish smoke alarms or other detection devices required by law or city ordinance. We may install additional detectors not so required. We'll test them and provide working batteries when you first take possession of your apartment. Upon request, we'll provide, as required by law, a smoke alarm capable of alerting a person with a hearing impairment.

You must pay for and replace batteries as needed, unless the law provides otherwise. We may replace dead or missing batteries at your expense, without prior notice to you. Neither you nor your guests or occupants may disable alarms or detectors. *If you damage or disable the smoke alarm or remove a battery without replacing it with a working battery, you may be liable to us under Texas Property Code sec. 92.2611 for $100 plus one month's Rent, actual damages, and attorney's fees.*

**18.2. Duty to Report.** You must immediately report to us any missing, malfunctioning or defective security devices, smoke alarms or detectors. You'll be liable if you fail to report malfunctions, or fail to report any loss, damage, or fines resulting from fire, smoke, or water.

**19. Resident Safety and Loss. Unless otherwise required by law, none of us, our employees, agents, or management companies are liable to you, your guests or occupants for any damage, personal injury, loss to personal property, or loss of business or personal income, from any cause, including but not limited to: negligent or intentional acts of residents, occupants, or guests; theft, burglary, assault, vandalism or other crimes; fire, flood, water leaks, rain, hail, ice, snow, smoke, lightning, wind, explosions, interruption of utilities, pipe leaks or other occurrences unless such damage, injury or loss is caused exclusively by our negligence.**

*We do not warrant security of any kind.* You agree that you will not rely upon any security measures taken by us for personal security, and that you will call 911 and local law enforcement authorities if any security needs arise.

You acknowledge that we are not equipped or trained to provide personal security services to you, your guests or occupants. You recognize that we are not required to provide any private security services and that no security devices or measures on the property are fail-safe. You further acknowledge that, even if an alarm or gate amenities are provided, they are mechanical devices that can malfunction. Any charges resulting from the use of an intrusion alarm will be charged to you, including, but not limited to, any false alarms with police/fire/ambulance response or other required city charges.

**20. Condition of the Premises and Alterations.**

**20.1. As-Is.** *We disclaim all implied warranties.* You accept the apartment, fixtures, and furniture as is, except for conditions materially affecting the health or safety of ordinary persons. You'll be given an inventory and Condition Form at or before move-in. You agree that after completion of the form or **within 48 hours** after move-in, whichever comes first, you must note on the form all defects or damage, sign the form, return it to us, and the form accurately reflects the condition of the premises for purposes of determining any refund due to you when you move out. Otherwise, everything will be considered to be in a clean, safe, and good working condition. You must still send a separate request for any repairs needed as provided by Par. 15.1.

**20.2. Standards and Improvements.** Unless authorized by law or by us in writing, you must not perform any repairs, painting, wallpapering, carpeting, electrical changes, or otherwise alter our property. No holes or stickers are allowed inside or outside the apartment. Unless this Lease states otherwise, we'll permit a reasonable number of small nail holes for hanging pictures on sheetrock walls and in grooves of wood-paneled walls. No water furniture, washing machines, dryers, extra phone or television outlets, alarm systems, cameras, two-way talk device, video or other door-

bells, or lock changes, additions, or rekeying is permitted unless required by law or we've consented in writing. You may install a satellite dish or antenna, but only if you sign our satellite dish or antenna lease addendum, which complies with reasonable restrictions allowed by federal law. You must not alter, damage, or remove our property, including alarm systems, detection devices, appliances, furniture, telephone and television wiring, screens, locks, or security devices. When you move in, we'll supply light bulbs for fixtures we furnish, including exterior fixtures operated from inside the apartment; after that, you'll replace them at your expense with bulbs of the same type and wattage. Your improvements to the apartment (made with or without our consent) become ours unless we agree otherwise in writing.

**21. Notices.** Written notice to or from our employees, agents, or management companies constitutes notice to or from us. Notices to you or any other resident of the apartment constitute notice to all residents. Notices and requests from any resident constitute notice from all residents. Only residents can give notice of Lease termination and intent to move out under Par. 7.3. All notices and documents will be in English and, at our option, in any other language that you read or speak.

**21.1. Electronic Notice.** Notice may be given electronically *by us to you* if allowed by law. If allowed by law and in accordance with this Lease, electronic notice *from you to us* must be sent to the email address and/or portal specified in this Lease. Notice may also be given by phone call or to a physical address if allowed in this Lease.

You represent that you have provided your current email address to us, and that you will notify us in the event your email address changes.

**22. Liability.** Each resident is jointly and severally liable for all Lease obligations. If you or any guest or occupant violates this Lease or our Community Policies, all residents are considered to have violated this Lease.

**22.1. Indemnification by You.** *You'll defend, indemnify and hold us and our employees, agents, and management company harmless from all liability arising from your conduct or requests by our representatives and from the conduct of or requests by your invitees, occupants or guests.*

**23. Default by Resident.**

**23.1. Acts of Default.** You'll be in default if: (A) you don't timely pay Rent, including monthly recurring charges, or other amounts you owe; (B) you or any guest or occupant violates this Lease, our Community Policies, or fire, safety, health, criminal or other laws, regardless of whether or where arrest or conviction occurs; (C) you give incorrect, incomplete, or false answers in a rental application or in this Lease; or (D) you or any occupant is charged, detained, convicted, or given deferred adjudication or pretrial diversion for (1) an offense involving actual or potential physical harm to a person, or involving the manufacture or delivery of a controlled substance, marijuana, or drug paraphernalia as defined in the Texas Controlled Substances Act, or (2) any sex-related crime, including a misdemeanor.

**23.2. Eviction.** *If you default, including holding over, we may end your right of occupancy by giving you at least a 24-hour written notice to vacate.* Termination of your possession rights doesn't release you from liability for future Rent or other Lease obligations. *After giving notice to vacate or filing an eviction suit, we may still accept Rent or other sums due; the filing or acceptance doesn't waive or diminish our right of eviction or any other contractual or statutory right.* Accepting money at any time doesn't waive our right to damages, to past or future Rent or other sums, or to our continuing with eviction proceedings. In an eviction, Rent is owed for the full rental period and will not be prorated.

**23.3. Acceleration.** Unless we elect not to accelerate Rent, all monthly Rent for the rest of the Lease term or renewal period will be accelerated automatically without notice or demand (before or after acceleration) and will be immediately due if, without our written consent: (A) you move out, remove property in preparing to move out, or you or any occupant gives oral or written notice of intent to move out before the Lease term or renewal period ends; and (B) you haven't paid all Rent for the entire Lease term or renewal period. Remaining Rent will also be accelerated if you're judicially evicted or move out when we demand because you've defaulted.

If you don't pay the first month's Rent when or before this Lease begins, all future Rent for the Lease term will be automatically accelerated without notice and become immediately due. We also may end your right of occupancy and recover damages, future Rent, attorney's fees, court costs, and other lawful charges.

**23.4. Holdover.** You and all occupants must vacate and surrender the apartment by or before the date contained in: (1) your move-out notice (2) our notice to vacate, (3) our notice of non-renewal, or (4) a written agreement specifying a different move-out date. If a holdover occurs, then you'll be liable to us for all Rent for the full term of the previously signed lease of a new resident who can't occupy because of the holdover, and at our option, we may extend the Lease term and/or increase the Rent by 25% by delivering written notice to you or your apartment while you continue to hold over.

**23.5. Other Remedies.** We may report unpaid amounts to credit agencies as allowed by law. If we or our debt collector tries to collect any money you owe us, you agree that we or the debt collector may contact you by any legal means. If you default, you will pay us, in addition to other sums due, any rental discounts or concessions agreed to in writing that have been applied to your account. We may recover attorney's fees in connection with enforcing our rights under this Lease. All unpaid amounts you owe bear interest at the rate provided by Texas Finance Code Section 304.003(c) from the due date. You must pay all collection-agency fees if you fail to pay sums due within 10 days after you are mailed a letter demanding payment and stating that collection-agency fees will be added if you don't pay all sums by that deadline. You are also liable for a charge (not to exceed $150) to cover our time, cost and expense for any eviction proceeding against you, plus our attorney's fees and expenses, court costs, and filing fees actually paid.

**24. Representatives' Authority and Waivers.** *Our representatives (including management personnel, employees, and agents) have no authority to waive, amend, or terminate this Lease or any part of it unless in writing and signed, and no authority to make promises, representations, or agreements that impose security duties or other obligations on us or our representatives, unless in writing and signed.* No action or omission by us will be considered a waiver of our rights or of any subsequent violation, default, or time or place of performance. *Our choice to enforce, not enforce or delay enforcement of written-notice requirements, rental due dates, acceleration, liens, or any other rights isn't a waiver under any circumstances.* Delay in demanding sums you owe is not a waiver. Except when notice or demand is required by law, you waive any notice and demand for performance from us if you default. Nothing in this Lease constitutes a waiver of our remedies for a breach under your prior lease that occurred before the Lease term begins. Your Lease is subordinate to existing and future recorded mortgages, unless the owner's lender chooses otherwise.

All remedies are cumulative. Exercising one remedy won't constitute an election or waiver of other remedies. All provisions regarding our nonliability or nonduty apply to our employees, agents, and management companies. No employee, agent, or management company is personally liable for any of our contractual, statutory, or other obligations merely by virtue of acting on our behalf.

**25. Move-Out Notice.** *Before moving out, you must give our representative advance written move-out notice as stated in Par. 4, even if this Lease has become a month-to-month lease.* The move-out date can't be changed unless we and you both agree in writing.

*Your move-out notice must comply with each of the following:*

(a) Unless we require more than 30 days' notice, if you give notice on the first day of the month you intend to move out, move out will be on the last day of that month.

(b) Your move-out notice must not terminate this Lease before the end of the Lease term or renewal period.

(c) If we require you to give us more than 30 days' written notice to move out before the end of the Lease term, we will give you 1 written reminder not less than 5 days nor more than 90 days before your deadline for giving us your written move-out notice. If you fail to give a reminder notice, 30 days' written notice to move out is required.

(d) You must get from us a written acknowledgment of your notice.

**26. Move-Out Procedures.**

**26.1. Cleaning.** You must thoroughly clean the apartment, including doors, windows, furniture, bathrooms, kitchen appliances, patios, balconies, garages, carports, and storage rooms. You must follow move-out cleaning instructions if they have been provided. If you don't clean adequately, you'll be liable for reasonable cleaning charges—including charges for cleaning carpets, draperies, furniture, walls, etc. that are soiled beyond

normal wear (that is, wear or soiling that occurs without negligence, carelessness, accident, or abuse).

**26.2. Move-Out Inspection.** We may, but are not obligated to, provide a joint move-out inspection. Our representatives have no authority to bind or limit us regarding deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final accounting or refunding.

**27. Surrender and Abandonment.** You have *surrendered* the apartment when: (A) the move-out date has passed and no one is living in the apartment in our reasonable judgment; or (B) apartment keys and access devices listed in Par. 2.1 have been turned in to us—whichever happens first.

You have *abandoned* the apartment when all of the following have occurred: (A) everyone appears to have moved out in our reasonable judgment; (B) you've been in default for nonpayment of Rent for 5 consecutive days, or water, gas, or electric service for the apartment not connected in our name has been terminated or transferred; *and* (C) you've not responded for 2 days to our notice left on the inside of the main entry door stating that we consider the apartment abandoned. An apartment is also considered abandoned 10 days after the death of a sole resident.

**27.1. The Ending of Your Rights.** Surrender, abandonment, or judicial eviction ends your right of possession for all purposes and gives us the immediate right to clean up, make repairs in, and relet the apartment; determine any security-deposit deductions; and remove or store property left in the apartment.

**27.2. Removal and Storage of Property.** We, or law officers, may—but have no duty to—remove or store all property that in our sole judgment belongs to you and remains in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) after you're judicially evicted or if you surrender or abandon the apartment.

*We're not liable for casualty, loss, damage, or theft.* You must pay reasonable charges for our packing, removing and storing any property.

Except for animals, we may throw away or give to a charitable organization all personal property that is:

(1) left in the apartment after surrender or abandonment; *or*

(2) left outside more than 1 hour after writ of possession is executed, following judicial eviction.

An animal removed after surrender, abandonment, or eviction may be kenneled or turned over to a local authority, humane society, or rescue organization.

### GENERAL PROVISIONS AND SIGNATURES

**28. TAA Membership.** We, the management company representing us, or any locator service that you used confirms membership in good standing of both the Texas Apartment Association and the affiliated local apartment association for the area where the apartment is located at the time of signing this Lease. If not, the following applies: (A) this Lease is voidable at your option and is unenforceable by us (except for property damages); and (B) we may not recover past or future rent or other charges. The above remedies also apply if both of the following occur: (1) this Lease is automatically renewed on a month-to-month basis more than once after membership in TAA and the local association has lapsed; and (2) neither the owner nor the management company is a member of TAA and the local association during the third automatic renewal. A signed affidavit from the affiliated local apartment association attesting to nonmembership when this Lease or renewal was signed will be conclusive evidence of nonmembership. Governmental entities may use TAA forms if TAA agrees in writing.

Name, address and telephone number of locator service (if applicable):

_____

_____

_____

**29. Severability and Survivability.** If any provision of this Lease is invalid or unenforceable under applicable law, it won't invalidate the remainder of this Lease or change the intent of the parties. **Paragraphs 10.1, 10.2, 16, 22.1, 27, 30 and 31 shall survive the termination of this Lease.** This Lease binds subsequent owners.

**30. Controlling Law.** Texas law governs this Lease. All litigation arising under this Lease and all Lease obligations must be brought in the county, and precinct if applicable, where the apartment is located.

**31. Waivers.** By signing this Lease, you agree to the following:

**31.1. Class Action Waiver.** You agree that you will not participate in any class action claims against us or our employees, agents, or management company. You must file any claim against us individually, and *you expressly waive your right to bring, represent, join or otherwise maintain a class action, collective action or similar proceeding against us in any forum.*

**YOU UNDERSTAND THAT, WITHOUT THIS WAIVER, YOU COULD BE A PARTY IN A CLASS ACTION LAWSUIT. BY SIGNING THIS LEASE, YOU ACCEPT THIS WAIVER AND CHOOSE TO HAVE ANY CLAIMS DECIDED INDIVIDUALLY. THE PROVISIONS OF THIS PARAGRAPH SHALL SURVIVE THE TERMINATION OR EXPIRATION OF THIS LEASE.**

**31.2. Force Majeure.** If we are prevented from completing substantial performance of any obligation under this Lease by occurrences that are beyond our control, including but not limited to, an act of God, strikes, epidemics, war, acts of terrorism, riots, flood, fire, hurricane, tornado, sabotage or governmental regulation, then we shall be excused from any further performance of obligations to the fullest extent allowed by law.

**32. Special Provisions.** The following, or attached Special Provisions and any addenda or Community Policies provided to you, are part of this Lease and supersede any conflicting provisions in this Lease.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Before submitting a rental application or signing this Lease, you should review the documents and may consult an attorney. You are bound by this Lease when it is signed. An electronic signature is binding. This Lease, including all addenda, is the entire agreement between you and us. You agree that you are NOT relying on any oral representations.

*Resident or Residents (all sign below)*

_____    10-11 C?
(Name of Resident)                  Date signed

_____    _____
(Name of Resident)                  Date signed

_____    _____
(Name of Resident)                  Date signed

_____    _____
(Name of Resident)                  Date signed

_____    _____
(Name of Resident)                  Date signed

_____    _____
(Name of Resident)                  Date signed

*Owner or Owner's Representative* (signing on behalf of owner)

_____

# Notice to Vacate for Non-Payment of Rent, Utilities, or Other Sums for TDHCA-Regulated Affordable Housing

**10/08/2025**

**Johnnie Copeland and all other occupants including but not limited to:**
**Johnnie Copeland**

**1600 East 3rd St, Unit 2408**
**Bldg: 2**
**Apt: 2408**
**Austin, TX 78702**

RE: Notice to Vacate for non-payment of rent, utilities or other sums
TAA Lease Contract between the residents named above and Pathways at Chalmers Courts West LP

Dear Resident(s):

Because you have not ☑ paid rent, ☐ allocated or submetered utilities, ☐ a utility bill for which you are responsible and/or ☐ other sums due under the lease on your dwelling unit, your rights of occupancy and possession are hereby terminated under the provisions of your lease. You are still liable for rent and other charges you may owe under the TAA Lease Contract. Details of unpaid sums due are as follows:

| Date | Code | Description | Amount |
|------|------|-------------|--------|
| 10/01/2025 | C Begin | Period Beginning balance | 80.00 |
| 10/01/2025 | CA RENT | Rent | 241.00 |
| 10/01/2025 | CA RENT | Rent - Copeland, Johnnie R | 1363.00 |
| 10/04/2025 | CH LEGAL | Legal Fees – Johnnie Richard Copeland | 238.50 |
| 10/06/2025 | CB LATEFEE | Late Charges | 35.00 |
| 10/07/2025 | CB LATEFEE | Late Charges | 5.00 |

Demand for possession is hereby made.

You are hereby given notice to vacate the dwelling on or before 11:59 p.m. on the _10th_ day of ___
_November, 2025_ . If you fail to move out by that time, we will file an eviction against you in Justice of the Peace court in compliance with applicable laws and rules. The court will then schedule a hearing to consider the facts in the case. Delay or postponement by us to take such action does not waive our rights. This notice to vacate is unconditional.

This property participates in an affordable housing program regulated by the Texas Department of Housing and Community Affairs (TDHCA) and is subject to TDHCA rules requiring us to notify you of the following:

1) You are being given this notice of lease termination because: ☐ it is the end of the agreed-to terms of our lease with you and we are choosing not to renew it, or ☐

2) **You may have certain protections under the Violence Against Women Act (VAWA). If you are a victim of domestic violence, sexual assault, dating violence or stalking, you, as well as members of your family, may have protection from being denied housing or from losing housing as a consequence of domestic violence, sexual assault, dating violence or stalking.**

3) **If you are a person with a disability and if there is a reasonable accommodation that you would like to request in response to this notice, you have a right to do so under the Fair Housing Act.**

4) ☐ **(a) Our property provides the following process if you wish to appeal this notice:**

_____ ___ or ☐ (b) _, or ☑ (b)

**Our property does not offer a process to appeal this notice.**

If you wish to discuss this notice or you vacating the dwelling, please contact us.

Date Notice was Delivered:

**DELIVERED OCT 0 8 2025**

**Signature of Owner's Representative**
**Printed Name:** Chaka Franklin
**Phone Number:** (737) 204-4848
**Email Address:** chalmerswestmgr@carletonms.com

Notice was _C.F._ Hand Delivered _____ Mailed and/or _____ Left in Apartment

Tenant's Rights & Resources Guide Provided _C.F._

Department of Defense Manpower Data Center

Filed 12/22/2025 3:51 PM

SCRA 5.27



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:
Last Name:        COPELAND
First Name:       JOHNNIE
Middle Name:
Status As Of:     Dec-15-2025
Certificate ID:   CVJD6T34VG7H1T0

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment Eligibility Filed 12/22/2025 5:51 PM
Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109381397
Filing Code Description: Petition/Application
Filing Description:
Status as of 12/23/2025 9:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| efiling Nationwide | | efiling@nationwidecompliant.com | 12/22/2025 3:51:46 PM | NOT SENT |



## CAUSE NUMBER J4-CV-25-006114

### IN THE JUSTICE COURT PRECINCT 4, TRAVIS COUNTY, TEXAS

**PLAINTIFF:**    PATHWAYS AT CHALMERS COURTS WEST LP, dba PATHWAYS AT CHALMERS WEST

vs

**DEFENDANT:**    JOHNNIE COPELAND AND ALL OCCUPANTS

### OFFICER'S SWORN REQUEST FOR ALTERNATIVE SERVICE UNDER RULE 510.4c

My name is Deputy **Mari Villanueva #452.** I am a Deputy Constable for Precinct 4, Travis County. I have attempted service in the above cause on defendant **JOHNNIE COPELAND AND ALL OCCUPANTS** at the defendant's place of abode/business at **1600 EAST 3RD ST, APT 2408  AUSTIN, TX 78702** , Travis County, Texas as shown in the Plaintiff's sworn complaint. I attempted service under Rule 510.4b at the following places and times and was unsuccessful, and I have therefore satisfied the requirements of Rule 510.4c

Date: 12/29/2025 @ 1:40 PM - 1600 EAST 3RD ST, APT 2408  AUSTIN, TX 78702
Date: 12/30/2025 @ 10:32 AM - 1600 EAST 3RD ST, APT 2408  AUSTIN, TX 78702

I hereby request alternative service be ordered on said defendant in the above cause pursuant to Rule 510.4c.

Deputy **Mari Villanueva #452**

Sworn to and Subscribed before me on the 30th day of December 2025



KIMBERLY MARES
My Notary ID # 134799422
Expires March 8, 2028

Notary Public / Peace Officer , Travis County, Texas

### ORDER AUTHORIZING ALTERNATIVE SERVICE UNDER RULE 510.4c

The Court, having considered the sworn statement filed by Deputy **Mari Villanueva #452** who attempted to serve defendant **JOHNNIE COPELAND AND ALL OCCUPANTS** in the above cause, finds that the requirements for alternative service under Rule 510.4b have been met. Therefore, it is ordered that service of the citation in the above cause on defendant be made by slipping it under the front door or main entry, or through a door mail chute if practical, or by securely affixing it to the front door or main entry at the defendant's place of abode/business. It is further ordered that a true copy of the citation and sworn complaint be sent via first class mail on the day or the next day, addressed to the defendant at the above address, and that the officer shall note on the return the date of delivery and the date of mailing.

Entered and signed    December 30, 2025

Raul Gonzalez
Justice of the Peace Pct. 4

## EVICTION CITATION

THE STATE OF TEXAS

TO:    **JOHNNIE COPELAND  AND ALL OCCUPANTS**
       **1600 EAST 3RD ST, APT 2408**
       **AUSTIN, TX  78702**

DEFENDANT, in the hereinafter styled and numbered cause:

YOU HAVE BEEN SUED FOR EVICTION FROM YOUR RESIDENCE. You may employ an attorney to help you in defending against this lawsuit. But you are not required to employ an attorney. YOU ARE HEREBY ORDERED TO APPEAR before Judge Raul A. Gonzalez, Justice of the Peace, Precinct 4 for a hearing on, **January 12, 2026**, at **10:00 AM**, at 4011 McKinney Falls Parkway, Suite 1200, Austin, Texas 78744.

**FAILURE TO APPEAR FOR TRIAL MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST YOU FOR POSSESSION OF THE PREMISES AND/OR RENTS AND COSTS.  PLEASE REVIEW THE ATTACHED PETITION.**
*\* Copies of Lease Agreement, Notice to Vacate, and Attached Exhibits are available at the court upon request.*

**THIS SUIT TO EVICT INVOLVES IMMEDIATE DEADLINES.  A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE SERVICEMEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ.), OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE.  CALL THE STATE BAR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF YOU NEED HELP LOCATING AN ATTORNEY.  IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, YOU MAY BE ELIGIBLE FOR FREE OR LOW-COST LEGAL ASSISTANCE.**

**EN CUANTO A ESTA DEMANDA DE DESALOJAMIENTO, EXISTEN FECHAS LIMITES PROXIMAS QUE DEBERAN CUMPLIRSE.  UN INQUILINO QUE SE ENCUENTRE EN SERVICIO ACTIVO EN LAS FUERZAS ARMADAS PUEDE TENER DERECHOS ESPECIALES O PROTECCION, RELATIVE A ESTA DEMANDA AL AMPARO DE LO ESTABLECIDO POR LAS LEYES FEDERALES. INCLUYENDO LA LEY PARA LA PROTECCION CIVIL DE MIEMBROS DE LAS FUERZAS ARMADAS (50 U.S.C. APP. SECCION 501 ET SEQ.) O POR LAS LEYES DEL ESTADO, INCLUYENDO LA SECCION 92.017, DEL CODIGO DE PROPIEDAD DE TEXAS. SI REQUIERE ALGUN TIPO DE AYUDA PARA ENCONTRAR UN ABOGADO, POR FAVOR LLAME AL COLEGIO DE ABOGADOS DEL ESTADO DE TEXAS, MARCANDO 1-877-9TEXBAR (ES UNA LLAMADA GRATUITA).  SI NO DISPONE DE RECURSOS NECESARIOS PARA CONTRATAR UN ABOGADO, ES POSIBLE QUE CALIFIQUE PARA RECIBIR AYUDA LEGAL GRATUITA O DE BAJO COSTO.**

Your cause number is **J4-CV-25-006114**, and your case styled:

**PATHWAYS AT CHALMERS COURTS WEST LP, DBA PATHWAYS AT CHALMERS WEST,**
Plaintiff vs.

**JOHNNIE COPELAND AND ALL OCCUPANTS, Defendant**

was filed in Justice Court, Precinct 4, on December 22, 2025.

In order to obtain a jury trial, you must request one and pay a jury fee of $22.00 dollars no later than 3 days before the day set for trial.

For further information, consult Part V of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation.

Issued under my hand on December 23, 2025.

Judge Raul A. Gonzalez
Justice of the Peace, Pct. 4
4011 McKinney Falls Parkway, Suite #1200
Austin, Texas 78744

**Plaintiff Agent:**
DOREEN WAGNER
2901 DALLAS PARKWAY, SUITE 250
PLANO, TX  75093

Cause No. J4-CV-25-006114

| | | |
|---|---|---|
| **PATHWAYS AT CHALMERS COURTS** | § | IN THE JUSTICE COURT |
| **WEST LP, DBA PATHWAYS AT** | § | |
| **CHALMERS WEST** | § | |
| Plaintiff/s | § | |
| | § | |
| vs. | § | PRECINCT FOUR |
| | § | |
| **JOHNNIE COPELAND, AND ALL** | § | |
| **OCCUPANTS** | § | |
| Defendant/s | § | TRAVIS COUNTY, TEXAS |

## JUDGMENT

**BE IT REMEMBERED,** on this the 12th day of January, 2026, came to be tried the above entitled and numbered cause. The Plaintiff/s, PATHWAYS AT CHALMERS COURTS WEST LP, DBA PATHWAYS AT CHALMERS WEST, appeared and announced ready for trial. The Defendant/s, JOHNNIE COPELAND, AND ALL OCCUPANTS, duly notified **did** appear and announce ready for trial. No jury was demanded, and all issues were submitted to the Court. After hearing and considering pleadings, evidence, and argument, the Court is of the opinion and finds that:

The address of the premises is: **1600 EAST 3RD ST, APT 2408, AUSTIN TX, 78702.**

| | | |
|---|---|---|
| The monthly rent is: | $ | 1,615.00 |
| The amount payable by a government agency is: | $ | 0.00 |
| The amount payable by the tenant/s is: | $ | 1,615.00 |

**IT IS, THEREFORE, ORDERED** by the Court that:

☒ The Plaintiff/s recover from the Defendant/s, AND ALL OCCUPANTS, as follows:

Possession of the premises;

$ 5,470.16    rent;

$ 0.00    attorney's fees;

court costs; and post judgment interest at the rate of 6.75% per annum on all amounts from the date of judgment until paid.

☐ The Plaintiff/s take nothing from this suit.

SIGNED on this the 12th day of January, 2026.

Judge Rick Olivo
Justice of the Peace, Precinct Four
Travis County, Texas

**APPEAL BOND:** $ **3,230.00**

You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 5 days after this judgment was signed. See Texas Rule of Civil Procedure 510.9(a).

If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property.
*Si usted es una persona fisica (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property.*

**Archived:** Thursday, January 15, 2026 2:34:01 PM
**From:** Fred Fuchs(AUS)
**Sent:** Thursday, January 15, 2026 9:09:54 AM
**To:** JP4Civil
**Subject:** [CAUTION EXTERNAL] URGENT; Request for Petition, Citation, & all Attachments; Cause No. J4-CV-25-006114; Pathways at Chalmers Court West LP d/b/a Pathways at Chalmers West v. Johnnie Copeland
**Sensitivity:** Normal

---

**CAUTION**: This email is from OUTSIDE Travis County. Links or attachments may be dangerous. Click the Phish Alert button above if you think this email is malicious.

---

Civil Clerk:

Happy 2026!

Would you please send me a copy of the eviction petition, citation, all attachments, and an exhibits from the trial in the above case.

Thank you.

Fred Fuchs
Attorney at Law


Fred Fuchs
Attorney at Law
Texas RioGrande Legal Aid
4920 North IH-35
Austin, Texas 78751
Phone: 512-374-2720 (Direct)
Fax: 956-591-8752
Email: ffuchs@trla.org

**Archived:** Thursday, January 15, 2026 2:37:56 PM
**From:** JP4Civil
**Sent:** Thursday, January 15, 2026 2:37:00 PM
**To:** Fred Fuchs(AUS)
**Subject:** RE: URGENT; Request for Petition, Citation, & all Attachments; Cause No. J4-CV-25-006114; Pathways at Chalmers Court West LP d/b/a Pathways at Chalmers West v. Johnnie Copeland
**Sensitivity:** Normal
**Attachments:**
ORIGINAL PETITION.pdf; Citation- Eviction All Occupants- JP4.pdf; Order Granting Alternative Service.pdf; FINAL JUDGMENT.pdf

---

Good afternoon,

Please see attached.

Best Regards,

Lorraine Camacho-Rodriguez
Court Clerk II Sr.
Judge Raul Arturo Gonzalez
Justice of the Peace, Pct. 4
Travis County, Texas
Office: 512-854-9478
Fax: (512) 854-9480
Email: jp4civil@traviscountytx.gov



**E-MAIL CONFIDENTIALITY NOTICE:** The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or legally privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you receive this in error, please contact the sender (only) and delete the material from any computer. Unauthorized interception of this e-mail violates federal criminal law.

**From:** Fred Fuchs(AUS) <FFUCHS@trla.org>
**Sent:** Thursday, January 15, 2026 9:10 AM
**To:** JP4Civil <JP4Civil@traviscountytx.gov>
**Subject:** [CAUTION EXTERNAL] URGENT; Request for Petition, Citation, & all Attachments; Cause No. J4-CV-25-006114; Pathways at Chalmers Court West LP d/b/a Pathways at Chalmers West v. Johnnie Copeland

**CAUTION**: This email is from OUTSIDE Travis County. Links or attachments may be dangerous. Click the Phish Alert button above if you think this email is malicious.

Civil Clerk:

Happy 2026!

Would you please send me a copy of the eviction petition, citation, all attachments, and an exhibits from the trial in the above case.

Thank you.

Fred Fuchs
Attorney at Law


Fred Fuchs
Attorney at Law
Texas RioGrande Legal Aid
4920 North IH-35
Austin, Texas 78751
Phone: 512-374-2720 (Direct)
Fax: 956-591-8752
Email: ffuchs@trla.org

CAUSE NO. J4-CV-25-006114                    Travis County, Texas

| | | |
|---|---|---|
| PATHWAYS AT CHALMERS COURTS WEST LP, | § | IN THE JUSTICE COURT |
| DBA PATHWAYS AT CHALMERS WEST, | § | |
| Plaintiff | § | |
| | § | PRECINCT FOUR |
| v. | § | |
| | § | |
| JOHNNIE COPELAND, AND ALL OCCUPANTS, | § | TRAVIS COUNTY, TEXAS |
| Defendant | § | |

### DEFENDANT'S NOTICE OF APPEAL

**TO THE HONORABLE JUSTICE OF THE PEACE: COMES NOW** Defendant John Copeland,

also known in this case as Johnnie Copeland, Defendant and Tenant in the above-styled and

numbered cause, and hereby gives Notice of Appeal from the judgment rendered in this case to

the County Court at Law of Travis County, Texas, under Texas Rule of Civil Procedure 510.

Defendant respectfully shows:

1. Defendant has a good-faith belief that he has meritorious defenses to the claims asserted

   against him in this action.

2. This appeal is not taken for the purpose of delay.

3. This appeal is filed in good faith and in compliance with the Texas Rules of Civil

   Procedure governing appeals from justice court judgments.

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY

My name is John Copeland. I am also known in this case as Johnnie Copeland. I am over

eighteen years of age, of sound mind, and capable of making this declaration. My residence is

in Travis County, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, Texas, on this 20th day of January, 2026.

_John R. Copeland_ (signature)

John Copeland
Defendant/Tenant, Pro Se

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110273029
Filing Code Description: Notice of Appeal
Filing Description:
Status as of 1/21/2026 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| efiling Nationwide | | efiling@nationwidecompliant.com | 1/20/2026 9:08:24 PM | SENT |

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**AVISO: ESTE DOCUMENTO CONTIENE INFORMACIÓN CONFIDENCIAL**



# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

# Declaración sobre Incapacidad de Pago de Costas de Tribunal o de una Fianza de Apelación

| Cause Number<br>Número de Caso | J4-CV-25-006114 |
| --- | --- |

The Clerk's office will fill in the Cause Number when you file this form.

El Secretario del Tribunal anotará el Número de Caso cuando usted presente este formulario.

---

PATHWAYS AT CHALMERS COURTS WEST LP, d/b/a PATHWAYS AT CHALMERS WEST
_____

v.

JOHNNIE COPELAND AND ALL OCCUPANTS
_____

Copy information listed at the top left of the petition here.

Copie aquí la información ubicada en la parte superior izquierda del escrito de la demanda.

---

Copy information listed at the top right of the petition here.

Copie aquí la información ubicada en la parte superior derecha del escrito de la demanda.

Precinct Four
_____

Court Number
Número del Tribunal

TRAVIS
_____,Texas

County
Condado

☐ District Court
  Tribunal de Distrito

☐ County Court
  Tribunal del Condado

☐ County Court at Law
  Tribunal Estatutario

☑ Justice Court
  Juzgado de Paz

☐ Probate Court
  Juzgado Sucesorio

pg. 1 of 12          Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 32

1. Your Information / Su Información

¾ My full legal name is / Mi nombre legal completo es
Johnnie Copeland

First    Middle    Last    /    Nombre de Pila    Segundo Nombre    Apellido

¾ My date of birth is / Mi fecha de nacimiento es

Month    Day    Year    /    Mes    Día    Año

¾ My address is / Mi dirección es

Home / Domicilio 1600 E 3rd St Apt #2408 Austin, TX 78702

Mailing / Dirección Postal 1827 River Crossing Cir Apt D Austin TX 78741

¾ My phone number / Mi número telefónico 512-275-3333

¾ My email I check often / Mi correo electrónico que reviso con frecuencia
dannypitts241@gmail.com

# Go to next page
# Pase a la siguiente página

pg. 2 of 12          Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 33

**2. About My Dependents / Mis Dependientes**

"The people who depend on me financially are listed below." Use initials only for children under 18. If needed, attach a separate piece of paper to list more dependents.

"Las personas a continuación dependen económicamente de mí." Use iniciales para los menores de 18 años y, si es necesario, anexe una hoja por separado para enumerar a todos sus dependientes.

| Name<br>Nombre | Age<br>Edad | Relationship to me<br>Parentesco Conmigo |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**3. Are you represented by Legal Aid?** ¿Está siendo representado por alguna entidad de asistencia legal?

Check only one box. Seleccione solo una casilla.

☐ am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as "Exhibit: Legal Aid Certificate."

Me está representando gratuitamente un abogado que trabaja para una entidad de asistencia legal o que recibió mi caso de una entidad de asistencia legal. El certificado que la entidad de asistencia legal me entregó lo adjunto bajo el título, "Anexo: Certificado de Asistencia Legal."

or / o

☑ am not represented by legal aid.

No me está representando ninguna entidad de asistencia legal.



**4. Public Benefits / Beneficios de Asistencia Pública**

¾ Do you or any of your dependents receive public benefits?
¿Recibe usted o sus dependientes beneficios de asistencia pública?

■ Yes / Sí                          ☐ No / No

¾ If you answered yes, check all that apply and attach proof to this form, such as a copy of an eligibility form or check.

Si respondió con un Sí, marque todas las casillas que apliquen y adjunte a este formulario comprobantes, tales como una copia de la carta autorizando que reciba estos beneficios o una copia del cheque que recibe.

| | |
|---|---|
| ■ Food stamps/SNAP<br>Cupones de comida/SNAP | ☐ TANF |
| ■ Medicaid | ☐ CHIP |
| ☐ SSI/SSDI | ☐ WIC |
| ☐ Lifeline | ■ Public Housing or Section 8 Housing<br>Asistencia de Vivienda / Programa de Vivienda bajo Sección 8 |
| ■ Low-Income Home Energy Assistance<br>Asistencia con Energía Eléctrica | ☐ Community Care via HHS<br>Ayuda Comunitaria bajo HHS |
| ■ LIS in Medicare ("Extra Help")<br>Subsidio Adicional de Medicare bajo el Programa LIS | ■ Needs-based VA Pension<br>Pensión para Veteranos de Guerra en función a necesidades |
| ☐ Child Care Assistance under Child Care and Development Block Grant<br>Asistencia con Guardería bajo el Programa CCDBG | ☐ County Assistance, County Health Care, or General Assistance (GA)<br>Asistencia del Condado, Asistencia Médica del Condado, o Asistencia General (GA) |
| ■ Other / Otros beneficios<br><br>VA Caregiver Support Program<br>_____ | ☐ Other / Otros beneficios<br><br><br>_____ |



5.  What are your monthly income sources? ¿Cuáles son sus fuentes de ingresos mensuales?

¾ My take-home pay is $ 0 in monthly wages.

Mi pago neto es $_____ en sueldo mensual.

¾ I work as a N/A (your job title) for N/A (your employer).

Yo trabajo como _____ (título de su puesto) para _____ (compañía o jefe).

¾ $ 961 is my total monthly income / son mis ingresos totales al mes.

These are my income sources. Estas son mis fuentes de ingresos.

¾ $ 0 in unemployment / en beneficios de desempleo.

I have been unemployed since _____ (date).

He estado desempleado desde _____ (indique fecha).

¾ $ 961 in public benefits / en beneficios de Asistencia Pública.

¾ $ 0 from people in my household other than my spouse / de ingresos de otras personas en mi hogar que no son de mi cónyuge.

¾ $ 961 from retirement or pension / de jubilación o pensión.

¾ $ 0 from tips or bonus / de propinas o bonos.

¾ $ 0 from disability / de discapacidad.

¾ $ 0 from worker's comp / de compensación al trabajador.

¾ $ 0 from social security / de seguro social.

pg. 5 of 12          Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 36

¾ $_0_____ from military housing / de vivienda militar.

¾ $_0_____ from dividends, interest, or royalties / de dividendos, intereses, o regalías.

¾ $_0_____ from child or spousal support / de manutención de menores o manutención conyugal recibida.

¾ Answer only if your spouse is not your opponent. Responda tan sólo si su ccónyuge no es parte contraria en esta causa legal.$_____ from my spouse's income / de ingresos de mi cónyuge.

¾ $_1400_____ from other jobs/sources of income / de otros trabajos/ fuentes de ingresos.

Describe / describa:

_VA caregiver support funds (restricted for caregiver services_

_and not available for general living or legal expenses)._

# Go to next page
# Pase a la siguiente página

pg. 6 of 12          Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 37

### 6. What is the value of your assets or property? ¿Cuál es el valor de sus bienes o propiedades?

| My property includes:<br>Mis bienes incluyen: | Value / Valor<br><br>The value is the amount the item would sell for less the amount you still owe on it, if anything.<br><br>El valor de sus bienes es la cantidad por la que la propiedad o pertenencia se vendería, menos el monto que aún se adeuda, si lo hubiera. |
|---|---|
| ¾ Cash<br>  Dinero en efectivo | $ 40 |
| ¾ Bank accounts, other financial assets<br>  Cuentas bancarias, otros bienes financieros | |
| | $ 120 |
| | $ |
| | $ |
| ¾ Cars and boats (make and year)<br>  Automóviles, lanchas (modelo y año) | |
| | $ None |
| | $ |
| | $ |
| ¾ Other property like jewelry, stocks, land, a second house. (Do not list your homestead.)<br><br>  Otros bienes como joyas, acciones, terrenos, una segunda casa. (No indique su hogar familiar.) | |
| | $ None |
| | $ |
| | $ |
| **Total Value of Property**<br>Valor Total de Sus Bienes | $ 160 |



| 7. What are your monthly expenses that are not deducted from your paycheck? ¿Cuáles son sus gastos mensuales que no son descontados de su cheque de sueldo? | |
|---|---|
| My monthly expenses are: Mis gastos mensuales son: | Amount Cantidad |
| ¾ Rent/house payments; maintenance Alquiler/hipoteca; mantenimiento de casa | $ 261 |
| ¾ Food and household supplies Alimentos y artículos para el hogar | $ 400 |
| ¾ Utilities and telephone Luz, gas, agua y teléfono | $ 220 |
| ¾ Clothing and laundry Ropa y lavado de ropa | $ 75 |
| ¾ Medical and dental expenses Gastos médicos y dentales | $ 150 |
| ¾ Insurance (life, health, auto, etc.) Seguros (de vida, médico, de automóvil etc.) | $ 0 |
| ¾ School and childcare Escuelas y guarderías | $ 0 |
| ¾ Transportation, auto repair, gas Transportación, reparaciones de automóviles, gasolina | $ 180 |
| ¾ Child/Spousal support Manutención a Menores/Manutención Conyugal | $ 0 |
| ¾ Debt payments to (list): Pagos por deudas hechas a (indíquelos): | |
| | $ |
| | $ |
| ¾ Wages withheld by court order Sueldo retenido por orden judicial | $ 250 |
| ¾ Other expenses (list): Otros gastos (indíquelos): | |
| | $ |
| | $ |
| Total Monthly Expenses Gastos Totales Mensuales | $ 1536 |



pg. 8 of 12          Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 39

8. Are there debts or other facts explaining your financial situation?
¿Hay deudas u otros factores que expliquen su situación económica?

My debts include (list debt and amount owed):
Mis duedas incluyen (indique deuda y la cantidad que debe):

| | |
|---|---|
| | $ 250/month VA recoupment |
| | $ |
| | $ |
| | $ |
| | $ |

If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts."

Si usted desea que el tribunal considere otros factores, tales como gastos médicos excepcionales, emergencias familiares, etc., adjunte al formulario otra hoja con esta información y bajo el título, "Anexo: Información Adicional de Apoyo."

9. Ability to Pay Court Costs. Declaración sobre su Habilidad de Pagar Costas de Tribunal

Check only one box. Seleccione tan solo una casilla.

☐ cannot afford to pay court costs. No puedo pagar las costas de tribunal.

☑ cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision, and I cannot afford to pay court costs.

No puedo aportar una fianza de apelación ni pagar un depósito en efectivo para apelar la decisión judicial de un magistrado, y no puedo pagar costas de tribunal.

# Go to next page
# Pase a la siguiente página

pg. 9 of 12            Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 40

10. Declaration/Affidavit. Declaración Escrita Bajo Juramento.

Fill out only one box. If you fill out the Declaration, you will not need to sign the form in front of a notary public. If you do not want to list your address for privacy or safety concerns, take the form and photo identification, and fill out the Affidavit box in front of a notary public.

Llene tan solo una opción. Si usted llena la Declaración, no necesitará firmar el formulario ante un notario. Si usted no quiere que aparezca su domicilio en el documento para conservar su privacidad o por motivos de su seguridad, lleve el formulario y una identificación con fotografía y llene la sección de la Declaración Escrita Bajo Juramento ante un Notario.

# Go to next page
# Pase a la siguiente página

## Option 1 / Opción 1

Declaration: I declare under penalty of perjury that the foregoing is true and correct.

Declaración: Yo declaro bajo pena de perjurio que la información a continuación es correcta y verdadera.

¾ My name is / Mi nombre es

John Copeland

¾ My date of birth is / Mi fecha de nacimiento es

███████████████

¾ My address is / Mi domicilio es

1600 E 3rd St #2408 Austin, TX 78702

Street, city, zip, country
Calle y número, ciudad, estado, código postal, pais

¾ _____

Signature
Firma

¾ 01/20/2026
_____

Date (month, day, year)
Fecha (mes, día, año)

¾ Travis, Texas
_____

County, state
Condado, estado

# Go to next page



# Pase a la siguiente página

pg. 11 of 12          Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Page 42

# Option 2 / Opción 2

**Affidavit:** I swear under penalty of perjury that the foregoing is true and correct.

**Declaración Escrita Bajo Juramento:** Yo juro bajo pena de perjurio, que lo que precede es correcto y verdadero.

You fill out this section.
Usted llena esta sección.

¾ _____

Your printed name
Su nombre en letra de molde

¾ _____

Your signature
Su firma

The notary fills out this section.
El Notario llena esta sección.

¾ _____

Subscribed before me this day of
Juramentado y suscrito ante mí el día de hoy del mes de

_____, 20____

_____ **NOTARY**
**NOTARIO**



Approved by the Supreme Court of Texas in Misc. Docket No. 22-

Filed 1/20/2026 9:08 PM

## CAUSE NO. J4-CV-25-006114

| | | |
|---|---|---|
| PATHWAYS AT CHALMERS COURTS WEST LP, | § | IN THE JUSTICE COURT |
| DBA PATHWAYS AT CHALMERS WEST, | § | |
| Plaintiff | § | |
| | § | PRECINCT FOUR |
| v. | § | |
| | § | |
| JOHNNIE COPELAND, AND ALL OCCUPANTS, | § | TRAVIS COUNTY, TEXAS |
| Defendant | § | |

### EXHIBIT: ADDITIONAL SUPPORTING FACTS

My VA caregiver support funds are restricted for caregiver services and are not available for general living expenses, rent, court costs, or legal expenses. After VA withholding for a prior overpayment, my usable income is approximately $711 per month.

I have suffered a stroke, am wheelchair-dependent, and later sustained multiple vertebral fractures in a fall while in a rehabilitation facility. These conditions require caregiver assistance, prevent regular employment, and substantially increase my basic living and medical expenses.

My financial resources are limited to fixed public benefits. I cannot supplement my income. Requiring payment of court costs or an appeal bond would deprive me of basic necessities.

I submit these facts in support of my Statement of Inability to Afford Payment of Court Costs or an Appeal Bond.

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY

My name is John Copeland. I am also known in this case as Johnnie Copeland. I am over eighteen years of age, of sound mind, and capable of making this declaration. My residence is in Travis County, Texas.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, Texas, on this 20th day of January, 2026.

John Copeland
Defendant/Tenant, Pro Se

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110273029
Filing Code Description: Notice of Appeal
Filing Description:
Status as of 1/21/2026 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| efiling Nationwide | | efiling@nationwidecompliant.com | 1/20/2026 9:08:24 PM | SENT |

Cause No. J4-CV-25-006114

| | | |
|---|---|---|
| **PATHWAYS AT CHALMERS COURTS WEST LP, DBA PATHWAYS AT CHALMERS WEST** | § | IN THE JUSTICE COURT |
| Plaintiff(s) | § | |
| | § | |
| vs. | § | PRECINCT FOUR |
| | § | |
| **JOHNNIE COPELAND** | § | |
| Defendant(s) | § | TRAVIS COUNTY, TEXAS |

### NOTICE TO TENANT OF RENT DUE INTO THE REGISTRY OF THE COURT

A deposit of one month's rent **($1,615.00)** is required to be paid into the registry of the court not later than **4:00 P.M. on January 26, 2026.**

This payment **MUST** be in **CASH, CASHIER'S CHECK, or MONEY ORDER** payable to **Justice of the Peace Pct. 4.**

**FAILURE TO PAY THE DEPOSIT STATED ABOVE MAY RESULT IN THE COURT ISSUING A WRIT OF POSSESSION WITHOUT A HEARING.**

During the appeal process, the defendant must continue to pay rent into the County Court registry on or before the beginning of each rental pay period as rent becomes due under the rental agreement. Failure to do so may result in the County Court at Law issuing a writ of possession without a hearing.

Pursuant to Texas Rules of Civil Procedure 510.9, this Notice to Tenant of Rent Due into the Registry of the Court was delivered to: **JOHNNIE COPELAND** (Tenant/s) by:

☐ Notice was given in person
☐ Mail
☐ Fax
☒ Email


__Melissa Moralez__
Court Clerk

__January 21, 2026__
Date

**NOTICE OF FILING OF SWORN STATEMENT OF INABILITY TO PAY APPEAL BOND**


January 21, 2026


To: DOREEN WAGNER
    2901 DALLAS PARKWAY SUITE 250
    PLANO, TX  75093

                              Re: Cause No. J4-CV-25-006114
                              Styled:

                                PATHWAYS AT CHALMERS COURTS WEST LP, DBA
                                PATHWAYS AT CHALMERS WEST

                                vs

                                JOHNNIE COPELAND

        In accordance with Rule 510.9 (c) of the Texas Rules of Civil Procedure, you are hereby notified that in the above numbered and styled case in the Justice Court, Precinct Four of Travis County, Texas, the Defendant, JOHNNIE COPELAND , has filed a Sworn Statement of Inability to Pay Costs of Appeal or Post Appeal Bond.  Said Pauper's Affidavit was filed on January 21, 2026.


        You are permitted to contest the Sworn Statement of Inability to Pay Costs of Appeal Bond or Post Appeal Bond within five (5) days after its filing and notice thereof. If timely contested, this court shall hold a hearing to rule on the matter within five days.


Judge Raul Arturo Gonzalez
Justice of the Peace, Precinct Four
Travis County, Texas

**Archived:** Wednesday, January 21, 2026 11:48:55 AM
**From:** Melissa Moralez
**Sent:** Wednesday, January 21, 2026 11:48:00 AM
**To:** Nationwide Filing
**Subject:** J4-CV-25-006114: PATHWAYS AT CHALMERS COURTS WEST LP, DBA PATHWAYS AT CHALMERS WEST VS. JOHNNIE COPELAND
**Sensitivity:** Normal
**Attachments:**
DEFENDANTS NOTICE OF APPEAL.pdf ;Statement-of-inability-to-afford-payment-.pdf ;Notice of Rent Due - JP4.pdf ;Notice-FED Notice to Plf of Def_s Appeal by SSIP - JP4.pdf ;Appealing case for LANDLORDS.pdf ;

Good morning,

Please find attached the Defendant's appeal paperwork for the case referenced above.

If Plaintiff's wishes to contest, please submit a written request to: JP4CIVIL@TRAVISCOUNTYTX.GOV.

Thank you,

*MELISSA MORALEZ*
**Court Clerk II, SR.**
**Judge Raul Gonzalez**
**Justice of the Peace, Pct. 4**
**4011 Mckinney Falls Pkwy, Ste. 1200, Austin, TX 78744**
**Main: 512-854-9478 | Fax: 512-854-9480 | Direct: 512-854-0011**
Email: Jp4civil@traviscountytx.gov | Website: www.traviscountytx.gov/jp4

This electronic mail message, including any attachments, may be confidential or privileged under applicable law. This email is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this email, you are notified that any use, dissemination, distribution, copying, disclosure or any other action taken in relation to the content of this email including any attachments is strictly prohibited. If you have received this email in error, please notify the sender immediately and permanently delete the original and any copy of this email, including secure destruction of any printouts.