IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN COPELAND, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | Civil Action No. 1:26-cv-00461-ADA |
| v. | § | |
| | § | |
| HOUSING AUTHORITY OF | § | |
| THE CITY OF AUSTIN | § | |
| | § | |
| *Defendant.* | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

Before the Court is Plaintiff John Copeland's Motion for Preliminary
Injunction. Having reviewed the Motion, Defendant's Response, the administrative
record, and the applicable law, the Court finds that the Motion should be **DENIED**.

A preliminary injunction constitutes extraordinary remedies that may be
granted only upon a clear showing that the movant satisfies the requirements set
forth in Federal Rule of Civil Procedure 65. The Court finds that Plaintiff has failed
to carry his burden on these required elements.

First, Plaintiff has not demonstrated a substantial likelihood of success on the
merits. The Housing Authority of the City of Austin's decision to terminate Plaintiff's
participation in the Housing Choice Voucher Program followed a completed
administrative process conducted pursuant to 24 C.F.R. § 982.555. Judicial review of
such determinations is limited and deferential, focusing on whether the agency's

1

decision is supported by substantial evidence and complies with procedural requirements. Based on the record before the Court, Plaintiff has not shown that the Hearing Officer's February 12, 2026, determination was arbitrary, capricious, or unsupported by substantial evidence.

Second, Plaintiff has not demonstrated a substantial threat of irreparable harm caused by Defendant. The record reflects that Plaintiff's potential loss of housing arises from a private landlord's lease non-renewal and ongoing eviction proceedings, which occurred independently of Defendant's administrative decision. Because the alleged harm stems from the actions of a third party, the injunctive relief sought against Defendant would not redress the asserted injury.

Third, the balance of equities and the public interest do not favor Plaintiff. Defendant administers federally funded housing assistance programs subject to strict regulatory requirements, including rules governing household composition and program integrity. Enjoining Defendant from enforcing those regulations based on the present record would impose administrative burdens and interfere with the proper administration of federal housing assistance. Further, the public has a substantial interest in the lawful and accurate administration of limited federal housing assistance funds and in ensuring compliance with program rules designed to maintain the integrity of the Housing Choice Voucher Program.

Accordingly, because Plaintiff has failed to establish the requirements for extraordinary injunctive relief under Federal Rule of Civil Procedure 65,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED**.


Dated: _____

_____

**Hon. Alan D. Albright**