**FILED**

May 18, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ___Christian Rodriguez___

DEPUTY

**FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN COPELAND, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-00461-ADA |
| | § | |
| HOUSING AUTHORITY OF | § | |
| THE CITY OF AUSTIN (HACA), | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT HOUSING AUTHORITY OF THE CITY OF AUSTIN'S REPLY
IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's Response suffers from a fatal procedural deficiency: it relies extensively on a "First Amended Verified Complaint" that does not exist on this Court's docket. The Court cannot evaluate a Motion to Dismiss against a phantom complaint. Because the operative pleading remains the original Verified Complaint (Dkt. 1), the Motion to Dismiss must be evaluated solely against that pleading, and under that standard, Plaintiff's claims remain implausible as a matter of law.

Moreover, in its April 14, 2026, Order Denying Plaintiff's Motion for Preliminary Injunction (Dkt. 21), the Court found that Plaintiff "cannot show a substantial likelihood of success on due process grounds," that the hearing officer "properly weighed the evidence, applied all mandated regulations," and that "Plaintiff received all requisite procedural due process safeguards." Those findings reinforce what HACA demonstrated in its Motion: Plaintiff's claims do not cross the line from possibility to plausibility.

1

## ARGUMENT

### I.   THE COURT SHOULD DISREGARD ALL ARGUMENTS PREMISED ON THE UNFILED AMENDED COMPLAINT.

Plaintiff's Response repeatedly invites the Court to consider allegations in a "Proposed FAC" that Plaintiff claims was attached to a contemporaneous motion for leave. Plaintiff's counsel states: "Plaintiff also files, contemporaneously with this response, a Motion for Leave to File First Amended Verified Complaint and Rule 39(b) Request." Yet no such motion or pleading appears on the docket.

HACA cannot respond to allegations it has never seen in a properly filed instrument. A Rule 12(b)(6) motion tests the sufficiency of the operative complaint, and the only complaint before this Court is the Verified Complaint at Dkt. 1. Plaintiff's strategy is transparent: faced with deficiencies HACA identified, Plaintiff invokes hypothetical new allegations, "the undisclosed recording/transcript procedure, the deficient hearing notice, the undisclosed evidence used at the hearing, the absence of central accommodation witnesses," Dkt. 24 at 10, without subjecting those allegations to judicial scrutiny. Arguments premised on the unfiled amended complaint should be disregarded in their entirety.

More, Plaintiff's reliance on 24 C.F.R. § 982.555(e)(2)(i) to argue that HACA used "undisclosed evidence" is itself premised on the unfiled amended complaint ("Proposed FAC ¶¶ 47–48, 55–56"). *Id.* at 5. The operative Complaint does not plead a document-production violation with the specificity required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

II. **THIS COURT'S PRELIMINARY INJUNCTION FINDINGS REINFORCE DISMISSAL.**

On April 14, 2026, this Court entered a detailed Order denying Plaintiff's Motion for Preliminary Injunction (Dkt. 21). While "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits," *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), a court's likelihood-of-success analysis at the preliminary injunction stage directly maps onto the Rule 12(b)(6) inquiry, *see Karnoski v. Trump*, No. C17-1297-MJP, 2017 WL 6311305, at *7 (W.D. Wash. Dec. 11, 2017) (holding that claims survive Rule 12(b)(6) "for the same reasons" that plaintiffs established a likelihood of success on the merits). The converse is equally true: where a court finds no likelihood of success, those findings are instructive on whether the same claims cross the plausibility threshold at the pleading stage. The Court's findings directly undercut each of Plaintiff's theories:

*First*, the hearing officer's decision was not arbitrary or capricious. The Court found that "HACA's hearing officer did not act arbitrarily or capriciously," and that the "hearing officer relied on substantial, uncontested evidence of a violation of household composition rules and program fraud." Dkt. 21 at 6.

*Second*, Plaintiff received all requisite due process. The Court found that "the hearing officer properly weighed the evidence, applied all mandated regulations, and that Plaintiff received all requisite procedural due process safeguards," *id.* at 8, which includes, *inter alia*, a written notice, representation at a live hearing, an extended

3

deadline to submit documentation, and a hearing officer who rescinded her own initial decision to ensure full review of accommodation materials.

*Third*, the Court's factual recitation confirms independent causation. The Court recited as undisputed background facts that Mr. Copeland's private landlord issued a non-renewal notice on June 12, 2025, with an effective end date of September 30, 2025; that "[b]ecause the landlord independently elected not to renew the lease, there was no lease to which Housing Assistance Payments ('HAP') could attach after September 30, 2025"; and that HACA "did not terminate Mr. Copeland's program participation at that time" but instead issued him a new tenant-based voucher so he could relocate. Dkt. 21 at 2. These undisputed facts undermine any theory that HACA caused Plaintiff's housing loss.

## III. PLAINTIFF'S SUBSTANTIVE ARGUMENTS FAIL ON THE OPERATIVE COMPLAINT.

### A. The Due Process Claim Is A Substantive Disagreement, Not A Procedural Deficiency.

Plaintiff's central theory is that the hearing officer "treated the central disability-accommodation evidence as legally irrelevant." Dkt. 24 at 4. But the hearing officer reviewed the accommodation materials in full, she vacated her own ruling to do so, and concluded they did not excuse ten months of unauthorized residency. That is a merits determination.

Plaintiff invokes *Mathews v. Eldridge*, 424 U.S. 319 (1976), but omits its central holding: existing administrative procedures can fully satisfy due process even without an evidentiary hearing, particularly where the decision rests on documentary evidence. 424 U.S. at 343–45, 349. HACA afforded Mr. Copeland far more process

than *Mathews* requires: a live hearing, an advocate, an extended evidentiary record, and a rescinded ruling to ensure full consideration. Plaintiff's disagreement with how the hearing officer weighed the evidence is exactly the type of substantive challenge that does not give rise to a constitutional claim. *See Bush v. City of Gulfport, Miss.*, 454 Fed. Appx. 270, 279 (5th Cir. 2011) ("Even if the City's initial determination regarding whether the plans were 'complete' was actually incorrect, an erroneous decision does not itself give rise to a constitutional claim.").

## B. The *Monell* Claim Remains Deficient.

Plaintiff argues that "a single decision can constitute official policy when made by an official with final policymaking authority," citing *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). But *Pembaur* involved an elected county prosecutor who *directly* ordered deputies to forcibly enter a business, an official exercising undisputed final policymaking authority. *Id.* at 484–85. The single-incident exception is meant to be extremely narrow, requiring proof that the actor was a final policymaker, not merely a decision-maker. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (clarifying that only those municipal officials who have "final policymaking authority" may, by their actions, subject the government to § 1983 liability); *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) ("It is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker.").

Here, the hearing officer is an adjudicator who exercises discretion subject to HACA's Administrative Plan and HUD regulations; she does not set policy. The operative Complaint identifies no pattern of excluding accommodation evidence, no failure to train hearing officers, and no formal directive requiring the categorical disregard of disability-related submissions. Plaintiff's insistence that these theories are developed in the unfiled amended complaint confirms that the operative Complaint does not contain them.

## C. The Disability Discrimination Claims Fail Because the Termination Was Based on Program Violations.

The termination rested on a facially neutral, program-integrity ground that applies to every participant regardless of disability status. The Complaint identifies no similarly situated non-disabled participant treated more favorably, no statement reflecting discriminatory animus, and no policy singling out disabled participants.

Plaintiff cites 24 C.F.R. §§ 982.552(c)(2)(iv) and 982.316(a) for the proposition that termination decisions are "subject to consideration of reasonable accommodation," Dkt. 24 at 1, and that PHAs "must approve" a live-in aide, *id.* at 7. But these regulations require *prospective* accommodation consideration, not retroactive absolution. Section 982.316(a) requires a PHA to approve a live-in aide "if needed as a reasonable accommodation," but only through the PHA's established process. It does not require a PHA to retroactively bless ten months of undisclosed occupancy merely because the participant later invokes the accommodation framework. Ms. Pitts's own written admission on the October 2025 add-on

6

questionnaire acknowledged that she had already been living in Mr. Copeland's unit for ten months without HACA's knowledge or approval.

Plaintiff also cites *Strife v. Aldine Independent School District*, 138 F.4th 237 (5th Cir. 2025), for the proposition that a "bad-faith failure to engage in the reasonable-accommodation process can support liability." *Strife* is inapposite.

The Fifth Circuit reiterated that a request for accommodation triggers a bilateral, good-faith interactive process, and that "both parties must engage in a constructive, 'bilateral discussion' with 'good-faith exploration.'" *Id.* at 246 (quoting *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)). Critically, the court recognized that delay alone does not automatically constitute a violation; employers are not required to "move with maximum speed," and may proceed "at whatever pace [they] choose so long as the ultimate problem . . . is not truly imminent." *Id.* The panel reversed dismissal only as to failure-to-accommodate based on alleged six-month delay and bad faith, but it affirmed dismissal of Strife's retaliation and discrimination claims, holding that actions like requesting an independent medical exam can be part of a legitimate, if imperfect, interactive process. *Id.* at 250–51.

Here, the record reflects engagement, not bad faith: the hearing officer extended deadlines, rescinded her own ruling upon discovering a technical issue, and conducted a fresh review of Copeland's submissions. That is precisely the sort of good-faith process *Strife* envisioned.

### IV.    PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED.

Plaintiff requests leave to amend "[i]n the alternative," citing *Foman v. Davis*, 371 U.S. 178 (1962), and the Fifth Circuit's liberal amendment standard. But even under that standard, amendment is properly denied where it would be *futile*. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility is assessed under the same Rule 12(b)(6) standard Plaintiff himself acknowledges. *Id.* at 873; Dkt. 24 at 9. The fundamental legal defects already identified in HACA's Motion cannot be cured by additional factual detail: the termination was based on a neutral program-integrity regulation, adequate process was provided, and the hearing officer's evidentiary ruling does not give rise to a constitutional claim.

More, Plaintiff <u>has not</u> filed the motion for leave that would put an actual proposed pleading before the Court for futility review. Under Local Rule 7(b), "an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave." A bare request in a response brief, unsupported by a filed motion and proposed pleading, is insufficient. Additionally, under Local Rule 15(a), a party may respond to a first Rule 12(b) motion by filing an amended pleading as of course within 21 days. That deadline has long since passed. Plaintiff's failure to timely amend, or to file the promised motion for leave, confirms that further amendment would be futile.

### CONCLUSION

For the foregoing reasons, HACA respectfully requests that this Court:

1. Disregard all arguments in Plaintiff's Response premised on the unfiled First Amended Verified Complaint;

2. Grant HACA's Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice;

3. Deny Plaintiff's request for leave to amend as futile; and

4. Grant such other and further relief to which HACA may be justly entitled.

Dated: May 15, 2026

Respectfully submitted,

By: */s/ Lauren S. Aldredge*

Lauren S. Aldredge
Texas Bar No. 24079380
**COKINOS | YOUNG**
900 S. Capital of Texas Hwy, Suite 425
Austin, TX 78746
Telephone: 512-476-1080
Fax: 210-298-5007
Email: laldredge@cokinoslaw.com

*Attorney for Defendant Housing
Authority of the City of Austin*