**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN COPELAND, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-00461-ADA |
| | § | |
| HOUSING AUTHORITY OF | § | |
| THE CITY OF AUSTIN (HACA), | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT HACA'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

Defendant Housing Authority of the City of Austin ("HACA") respectfully submits this

Reply in support of its Motion to Dismiss the First Amended Complaint ("Complaint"), Dkt. 29.

**INTRODUCTION**

Plaintiff's Response does not fix what doomed the Complaint. A voucher participant who

allowed an unauthorized occupant to reside in his subsidized unit for ten months while certifying

in writing that he lived alone cannot recast that admitted program violation as a disability-

accommodation dispute and expect four federal claims to survive. The Response insists that

HACA's grounds are "disputed," but Rule 12 asks only whether well-pleaded facts "plausibly give

rise to an entitlement to relief," not whether a party disputes the outcome. *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009). The Court need not credit "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements," nor "accept as true a legal conclusion

couched as a factual allegation." *Id.* at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). Allegations "merely consistent with" liability "stop[] short of the line between

possibility and plausibility." *Id.* at 678 (citing *Twombly*, 550 U.S. at 557). Measured against the

authorities Plaintiff himself cites in his Response, the Complaint does not clear that bar.

1

**ARGUMENT**

I.    **THE DUE PROCESS CLAIM REMAINS A DISAGREEMENT WITH THE OUTCOME, NOT A DENIAL OF PROCESS.**

The constitutional floor is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). In the public-benefits context, that means timely and adequate notice of the reasons for termination, a chance to confront adverse evidence and present argument orally, the right to counsel, an impartial decisionmaker, and a decision grounded in the record. *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970). The Complaint's own allegations confirm Plaintiff received all of it. He concedes that HACA issued a notice of informal hearing; that he appeared with his advocate; that the hearing officer held the record open to allow additional accommodation documentation; and that, after a server error delayed his submission, the hearing officer located the materials and issued a fresh decision that considered them. (Dkt. 28 ¶¶ 33, 50.) This Court has already found, on the same administrative record, that Plaintiff "was afforded every procedural safeguard required by the Due Process Clause and 24 C.F.R. § 982.555." (Dkt. 28 at 7.) That is the "opportunity to be heard" as *Goldberg* and *Mathews* require.

*Mathews* demands no more. Due process "is flexible and calls for such procedural protections as the particular situation demands," and "[t]he judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decisionmaking in all circumstances." *Mathews*, 424 U.S. at 334, 348 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), and *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171–72 (1951) (Frankfurter, J., concurring)). The "safeguards" Plaintiff demands, i.e., civil-discovery-style document production, compelled witness attendance, and a particular remote-hearing mechanism, have no footing in an informal voucher proceeding where evidence may be "considered without

2

regard to admissibility under the rules of evidence applicable to judicial proceedings." 24 C.F.R. § 982.555(e)(5)–(6). The three *Mathews* factors bear that out: notice of reasons, representation, an opportunity to submit evidence and argument, and a reasoned written decision are precisely what the Supreme Court found constitutionally sufficient to protect a comparable interest. *Cf. Mathews*, 424 U.S. at 349 ("All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard' . . . to insure that they are given a meaningful opportunity to present their case.").

*Camenisch* confirms the point rather than defeating it. The Court held that "the findings of facts and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits," and that "[a] party . . . is not required to prove his case in full at a preliminary-injunction hearing." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). HACA does not argue otherwise; it does not ask the Court to give its preliminary-injunction ruling preclusive effect. *Camenisch* addressed equating "likelihood of success" with "success," not disregarding a plaintiff's own pleaded concessions on a Rule 12 motion. *Id.* Here, the safeguards fatal to the due-process claim appear on the face of the Complaint and the documents it incorporates, independent of any prior evidentiary weighing. The Complaint concedes the very process that *Goldberg* and *Mathews* require. What it pleads is disagreement with the outcome, and that is not a constitutional claim.

## II.    THE ADA, SECTION 504, AND FHA CLAIMS FAIL BECAUSE THE TERMINATION RESTED ON DISABILITY-INDEPENDENT PROGRAM VIOLATIONS.

Plaintiff reframes his disability claims as failure to accommodate and invokes *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448 (5th Cir. 2005), for the proposition that causation is irrelevant once a reasonable accommodation is denied. (Dkt. 31 at 13.) That principle is conditional. *Bennett-Nelson* made that point contingent: "the cause of that failure is irrelevant"

3

only after determining "the existence of a violation depends on whether . . . the demanded accommodation is in fact reasonable and therefore required," and that "[i]f the accommodation is required the defendants are liable simply by denying it." *Id.* at 455. The threshold question, whether a reasonable and necessary accommodation was denied "by reason of" disability, is the very element Plaintiff cannot clear. The termination rested on a facially neutral program-integrity ground, the unauthorized occupancy and "Fraud and Other Program Violation" under 24 C.F.R. § 982.551(k), which is a basis that applies to every participant regardless of disability.

*Windham v. Harris Cnty.*, 875 F.3d 229 (5th Cir. 2017) and *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021), also Plaintiff's cases, lead to the same place. Both require that "the disability and its consequential limitations were known by [HACA]," or, where the plaintiff makes no direct and specific request, that "the disability, resulting limitation, and necessary reasonable accommodation" were "open, obvious, and apparent" to HACA's relevant agents, and both condition liability on an accommodation that is reasonable and necessary to afford access. *Windham*, 875 F.3d at 236–37; *Valentine*, 993 F.3d at 290. *Alexander v. Choate*, 469 U.S. 287 (1985), sets the ceiling. Section 504 guarantees "meaningful access," not "fundamental alteration[s] in the nature of the program." *Id.* at 300 n.20. A request to retroactively ratify ten months of concealed occupancy is not a request for access, but a demand to excuse a completed violation. Forgiving "prior misconduct otherwise warranting termination is not a 'reasonable accommodation,'" because a reasonable accommodation "is always prospective" and does not require an entity to "excuse past misconduct even if it is the result of the individual's disability." *Green v. Medco Health Sols. of Tex., LLC*, 947 F. Supp. 2d 712, 729 (N.D. Tex. 2013) (quoting *Brookins v. Indianapolis Power & Light Co.*, 90 F. Supp. 2d 993, 1006–08 (S.D. Ind. 2000)).

4

The disability statutes thus do not require an entity to "accept egregious behavior" by a participant "when the same behavior, exhibited by a nondisabled [tenant] would require [lease] termination." *A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend*, No. 3:11 CV 163 PPS, 2012 WL 1877740, at *10 (N.D. Ind. May 18, 2012) (citing *Pernice v. City of Chicago*, 237 F.3d 783, 786 (7th Cir. 2001)). *Kehoe* forecloses the theory rather than supporting the distinction. *Kehoe* holds that "[a]ll three statutes require accommodations only when there is a causal connection between the disability and the plaintiff's ineligibility for housing," and that misconduct "wholly separate from" the disability need not be accommodated. *Id.* at *9–10.

No connection exists here. The Complaint admits that on his August and September 2025 forms he "identified himself as the only family member and listed Ms. Pitts an emergency contact with an unknown address." (Dkt. 28 ¶ 57.) By his own timeline, Ms. Pitts moved in on or about February 13, 2025; he did not seek to add her until October 2025, long after the violation was complete. And Plaintiff attributes the misreporting not to his stroke but to confusion about "separate approval tracks between the VA and HACA." (Dkt. 28 ¶ 58.) Even accepted at face value, that explanation is not disability discrimination.

*Strife v. Aldine Independent School District*, 138 F.4th 237 (5th Cir. 2025), illustrates the gap between this case and a viable accommodation claim. There, the Fifth Circuit reversed a dismissal because a compliant plaintiff, one who "only sought that AISD allow[] her to have and use a service dog at work," plausibly alleged that the defendant unjustifiably delayed and thereby acted in bad faith. *Id.* at 246–48. The court framed the question as "whether [the defendant] 'failed to make reasonable accommodations' after being informed of [the] limitations." *Id.* at 247. HACA did not drag its feet; it adjudicated the request and denied it on a disability-neutral ground after the underlying violation was already complete. Plaintiff's reading of 24 C.F.R. § 982.316(a) does not

alter the analysis: the regulatory duty to consider a live-in aide "needed as a reasonable accommodation" does not convert a participant's misrepresentation of household composition into a protected act, nor recast a duration-based denial as intentional discrimination.

The FHA theory fares no better. *Groome Resources Ltd., L.L.C. v. Parish of Jefferson* confirmed that discrimination under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 234 F.3d 192, 195 (5th Cir. 2000) (quoting 42 U.S.C. § 3604(f)(3)(B)). It does not require ratifying an occupancy that itself violated program rules. Plaintiff's own pleading forecloses the "made housing unavailable" theory in any event: the private landlord issued the non-renewal and obtained the eviction for nonpayment of rent, while HACA issued a replacement one-bedroom voucher so that Mr. Copeland could relocate and continue receiving assistance. (Dkt. 28 ¶ 25.) That retained access is also fatal to the necessity element, on which Plaintiff bears the burden to prove that "but for" the accommodation, he will likely "be denied an equal opportunity to enjoy the housing of [his] choice," and "a requested accommodation that is preferable to an alternative is not sufficient; it must be essential." *Women's Elevated Sober Living L.L.C. v. City of Plano, Tex.*, 86 F.4th 1108, 1112 (5th Cir. 2023); *Jackson v. City of Grand Prairie Tex.*, No. 3:19-CV-02940-M, 2020 WL 1864641, at *2 (N.D. Tex. Apr. 13, 2020). HACA does not own the unit and cannot compel a private landlord to renew a lease; the asserted loss of housing flows from independent third-party decisions, not from HACA.

The Complaint's own allegations establish a disability-independent basis for the termination. As such, the ADA, Section 504, and FHA claims fail on that ground.

III.    THE SECTION 1983 CLAIM FAILS FOR WANT OF A COGNIZABLE MUNICIPAL POLICY.

*Monell* liability requires "(1) an official policy (2) promulgated by the municipal policymaker (3) [that] was the moving force behind the violation of a constitutional right." *Edwards v. City of Balch Springs, Tex.*, 70 F.4th 302, 307 (5th Cir. 2023). A municipality "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Plaintiff restyles his theory as a challenge to HACA's "written six-month add-on rule" as the "moving force." (Dkt. 31 at 16.) *Edwards*, his authority, applies here directly: an official written policy is unconstitutional "only if it affirmatively allows or compels unconstitutional conduct," and a "facially innocuous policy will support liability" only on proof of "deliberate indifference." *Edwards*, 70 F.4th at 308–09. A six-month cap on unauthorized occupancy compels nothing unconstitutional. The Complaint pleads no pattern and no deliberate indifference.

*James v. Dallas Housing Authority*, 526 F. App'x 388 (5th Cir. 2013), closes the remaining gap. Plaintiff's effort to recast the rule as "HACA's own" rather than HUD's does not move the needle: *James* holds that a housing authority "cannot be held liable for a policy that is not attributable to it," because the operative regulation "was promulgated by the federal government and does not give rise to [the authority's] liability as a municipality under § 1983." *Id.* at 395. HACA's add-on rule supplements and enforces the federal household-composition and fraud regime of § 982.551(k). Nor does single-employee conduct establish municipal liability: "[t]he fact that a tortfeasor is an employee or an agent of a municipality is . . . not sufficient for city liability to attach." *Id.* at 394. A hearing officer's adjudicatory discretion does not confer final policymaking authority; one "cannot be considered a final policymaking authority simply because she held that position," and "[w]hen an official's discretionary decisions are constrained by

policies not of that official's making, those policies, rather than the decision-maker's departure from them, are the act of the municipality." *Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 528 (5th Cir. 2006); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir.1995).

A Court in this Circuit rejected materially the same theory in *LaRue v. Houston Housing Authority*, where a voucher participant claimed her termination rested on documents withheld before her informal hearing; the Court held that the termination, "assuming it was the product of a due-process violation," "is a single instance of misconduct and does not tend to show a pattern," and that, absent any evidence the housing authority's Board participated in the decision, the § 1983 claim failed. No. CIV.A. H-12-00523, 2013 WL 1363992, at *4 (S.D. Tex. Apr. 3, 2013).

Plaintiff's pivot to "the body that adopted or authorized the Administrative Plan" identifies no policymaker action and no pattern, only a single application of a neutral rule. The FAC itself undercuts the theory, conceding that "HACA's Administrative Plan contains reasonable-accommodation, live-in-aide, and informal-hearing provisions," (Dkt. 28 ¶ 91), a plan that expressly provides for accommodations does not "affirmatively allow or compel" the violation Plaintiff alleges. (*See* Dkt. 31 at 16.)

Accordingly, the Complaint states no *Monell* claim as a matter of law.

## IV.    NO CONVERSION UNDER RULE 12(B) IS WARRANTED.

Plaintiff asks the Court to convert the motion and authorize Rule 56(d) discovery. (Dkt. 31 at 18–19.) Conversion is unnecessary. Documents "referred to in the plaintiff's complaint and . . . central to her claim" are part of the pleadings; in attaching them, "the defendant merely assists the plaintiff in establishing the basis of the suit." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Every exhibit HACA relies on, the hearing decision, the add-on

questionnaire, the notices, the physician letter, and the VA correspondence, is referenced in and central to the FAC. No conversion is required to consider them. And because the Court need not "accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678, Plaintiff's conclusory characterizations cannot manufacture a dispute the incorporated record has already resolved. Ms. Pitts's written admission of a ten-month residency and Plaintiff's own certifications that he lived alone confirm the disability-independent basis for termination without resort to any extrinsic contested fact.

The Court can resolve this motion on the allegations in the Complaint and its incorporated documents. Conversion under Rule 12(d) is neither warranted nor appropriate.

## V.    DISMISSAL SHOULD BE WITH PREJUDICE.

Plaintiff requests leave to amend. (Dkt. 31 at 19.) The Complaint is already his amended pleading, filed after the Court denied preliminary relief. The defects are legal, not factual, and no repleading can reach them. No additional allegation can sever the termination from the admitted, disability-independent program violation; the disability statutes reach only conduct causally connected to disability. No amendment can supply a constitutionally deficient process where the Complaint concedes every element *Goldberg* and *Mathews* require. And no repleading can convert enforcement of a federal program-integrity regulation into a municipal policy attributable to HACA. Amendment would be futile. Dismissal with prejudice is the appropriate disposition.

## CONCLUSION

For these reasons, and those stated in the Motion, HACA respectfully requests that the Court dismiss the First Amended Complaint with prejudice.

Respectfully submitted,

COKINOS | YOUNG

Las Cimas IV
900 S. Capital of Texas Highway, Suite 425
Austin, Texas 78746
(512) 476-1080 (Office)
(512) 615-1148 (Direct)
(512) 610-1184 (Fax)

By: /s/ *Lauren S. Aldredge*
    LAUREN S. ALDREDGE
    Texas Bar No. 24079380
    laldredge@cokinoslaw.com

**ATTORNEYS FOR DEFENDANT
HOUSING AUTHORITY OF THE CITY OF
AUSTIN (HACA)**

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served it via a means permitted by the Federal Rules of Civil Procedure:

**Attorney for Plaintiff**
Audrey Bean
LAW OFFICES OF AUDREY BEAN
440 Hickory Forrest Dr
Seguin, Texas 78155
audrey@austinlitigator.com

/s/ *Lauren S. Aldredge*
Lauren S. Aldredge

10